ODD FELLOWS FRATERNAL ACCIDENT ASS'N OF AMERICA v. EARL.

(Circuit Court of Appeals, Seventh Circuit. October 16, 1895.)

No. 215.

ACCIDENT INSURANCE—NOTICE TO INSURER.

The O. F. Acc. Ass'n issued to one E. an "accident certificate," by which it agreed to pay to him, or to a beneficiary, named therein, certain sums of money as compensation for injuries or death resulting from bodily injury, effected through external, violent, and accidental means, causing an external visible mark upon the body. It was provided that, for such injury, effected during the life of the certificate, which should immediately disable E. from pursuing his occupation, a weekly indemnity should be paid, for certain specified mutilations certain sums should be paid, and, if death should result from such injuries alone, within 90 days from the date of the accident, $5,000 should be paid to the beneficiary. It was also provided that written notice should be given to the insurer, within 10 days of the date of the accident and injury for which claim should be made, stating the circumstances of the accident and nature of the injury, that there should be no claim to indemnity for disability unless disability occurred within 30 days from the date of the accident, of which the insurer should have had notice within the 10 days, nor any claim to death benefits unless death resulted within 90 days from the accident, of which accident the insurer should have had notice within 10 days. While the certificate was in force, E. stepped on

a wire nail, inflicting a small, but visible, wound in his foot. He continued to pursue his occupation for 14 days, and was then taken ill and died from lockjaw resulting from the wound. No notice of the accident was given within 10 days of the occurrence of the accident, but proofs of death were furnished in due time. *Held*, that the terms of the certificate did not require notice to be given within 10 days of the happening of an accident which did not immediately disable E. from pursuing his occupation, and did not, within such 10 days, give rise to a claim for indemnity or death benefit, and that the beneficiary was entitled to recover.

In Error to the Circuit Court of the United States for the Western District of Wisconsin.

This was an action by Fanny K. Earl against the Odd Fellows Fraternal Accident Association of America. The plaintiff recovered judgment in the circuit court. Defendant brings error. Affirmed.

A. L. Sanborn, for plaintiff in error.

A. R. Bushnell and F. W. Hall, for defendant in error.

Before WOODS, JENKINS and SHOWALTER, Circuit Judges.

SHOWALTER, Circuit Judge. Plaintiff in error is an association of Odd Fellows, incorporated under the laws of Massachusetts, "for the purpose," as stated in its certificate of organization, "of rendering temporary aid and assistance to Odd Fellows holding certificates of membership in this association in case of temporary or permanent disability resulting from accident, and rendering pecuniary aid and assistance to the widows, orphans, families, and dependents of deceased Odd Fellows, members of said association, in case of death of said member from accident, or to their heirs and assigns." The scheme, in general, is, insurance by the association in favor of each member against specified losses by personal injuries from accident. The contract of insurance is called an accident certificate. Any Odd Fellow over 21 and under 60 years of age may take from the association such a certificate, and by so doing he becomes a member of the association. The fund for the payment of losses and expenses is made up of the certificate fees, certain recurring dues, and assessments from time to time on the members.

On July 23, 1892, Dr. D. G. Earl, a physician of Lake Mills, Jefferson county, Wis., became a certificate holder in said association. Defendant in error, Mrs. Fanny K. Earl, then the wife and now the widow of Dr. Earl, is named in the certificate as beneficiary; and said instrument contains a promise by the association to pay her a specified sum of money in case of her husband's death as the result of accident. On August 4, 1892, Dr. Earl accidentally stepped on a wire nail, receiving therefrom a puncture in his foot. The wound, though visible, was very slight. Dr. Earl kept on with his professional work without any interruption whatever, for the 14 days immediately following the accident. He then became sick; and, as the result of such accident, died of lockjaw on the 27th day of said month. Proofs of loss were tendered by Mrs. Earl in due time, but the association declined to pay, insisting that a notice to the associa-

tion of the accident within 10 days of the date thereof was a condition precedent to liability, and that such notice had not been given. She sued on the certificate, and recovered judgment for $5,495.90 in the circuit court of the United States for the Western district of Wisconsin, and the association brings the record to this court by writ of error.

The contract, or accident certificate, contains, as indicating the subject-matter thereof, the following provisions:

"In consideration of the warranties in the application for this certificate, and the agreement on the part of the certificate holder to accept the conditions contained in this certificate as the basis of this contract, and in consideration of five dollars paid by D. G. Earl, M. D., of Lake Mills, county of Jefferson, state of Wisconsin, occupation physician, the receipt whereof is hereby acknowledged, does hereby constitute the said applicant a certificate holder of said association, and agree to pay to the said·certificate holder, upon the following conditions, the following sums of money, viz.: The sum of twenty-five dollars per week, for a period not exceeding twenty-six consecutive weeks, as indemnity for loss of time resulting from bodily injury so effected during the life of this certificate through external, violent, and accidental means, which shall, independently of all other causes, immediately and wholly disable him from transacting any and every kind of business pertaining to his occupation above stated." "The sum of twenty-five hundred dollars, in lieu of weekly benefits, if the certificate holder shall lose a hand above the wrist, or foot above the ankle, as the result of accident, such accident as is above set forth, during the life of this certificate." "The sum of five thousand dollars, if the certificate holder shall lose both hands above the wrist, both feet above the ankle, or one hand and one foot as aforesaid, or both eyes, as the result of such accident as above set forth. And the said association agree to pay to Mrs. Fanny K. Earl (wife), if living,—if not, to the executors or administrators of said member, in trust, however, for and to be forthwith paid over to his heirs at law,—the sum of five thousand dollars, if the death of the certificate holder shall result from such injuries alone within ninety days from the date of said accident." "No indemnity or benefit shall be due or payable until ninety days after the receipt by the said association of satisfactory proof of loss." "The association may cancel this certificate at any time by returning to the certificate holder any and all moneys paid by the certificate holder to the association, less a pro rata share for the time it has been in force." "The total liability of this association on this certificate shall not exceed in any event the principal sum within mentioned. Therefore, in case of death claim, any sums previously paid as indemnity shall be deducted from said principal sum." "This insurance does not cover injuries of which there is no external visible mark upon the body."

An accident within the purview of this certificate is a "bodily injury effected * * * through external, violent, and accidental means," causing an "external visible mark upon the body." Such accident is not itself the subject of compensation. It must occasion in the certificate holder incapacity to continue in the stated occupation, or result in the loss to him of hand, foot, eyes, or life. These specified consequences of the accident are the risks insured against. The certificate holder's incapacity to continue in his occupation must originate contemporaneously with, and not after, the accident. Twenty-five dollars per week is to be paid pending such incapacity, but no longer in any event than 26 consecutive weeks. Upon the loss of a hand or foot, or both hands, or both feet, or both eyes, the certificate holder becomes entitled to $2,500 or $5,000, as the case may be; but his incapacity to continue in his occupation thereupon

ceases to be the subject of compensation, and the weekly payments, if any, to which he had previously become entitled, are reckoned as part of such fixed amount. In case death results, $5,000 is to be paid the beneficiary; but, as part of this, all sums to which the certificate holder had previously become entitled are likewise reckoned. It nowhere appears in this certificate that there must have been the incapacity for business originating contemporaneously with the accident in order to make a claim for ultimate bodily hurt, or loss of life. A claim of either kind might arise at the time of, or within a few days after, the accident; but the point to be noted is that, if the incapacity for business, as described, does not follow the accident immediately, or at once, no claim can arise or exist in favor of the certificate holder till a specified bodily disablement results, or in favor of the beneficiary till death results. The certificate contains the following provision:

"Written notice shall be given the said association at Westfield, Mass., within ten days of the date of the accident and injury for which claim of indemnity or benefit is made, with full particulars thereof, including a statement of the time, place, and cause of the accident, the nature of the injury, and the full name and address of the insured and beneficiary, and unless such notice and statement is received as aforesaid, all claim to indemnity or benefit under this certificate shall be forfeited to the association."

The notice here called for is plainly to be given when a claim for indemnity by the certificate holder, or of benefit by the beneficiary, is extant. If the incapacity, contemporaneous in origin with the date of the accident, has resulted, or if the mutilation or death has taken place, within the 10 days, so that a claim for indemnity or benefit is outstanding, the 10 days' notice seems to be required. But we see in this language no express call for such a notice if no "claim of indemnity or benefit" be then made. If the words were: "Written notice shall be, or shall have been, given the said association at Westfield, Mass., within ten days of the date of the accident and injury for which claim of indemnity or benefit is made," etc., the question whether or not this defendant in error forfeited to the association the compensation to be paid her under this policy would arise. But Mrs. Earl made no claim for benefit against the association when said 10 days expired. Her case therefore does not, and the learned counsel for plaintiff in error concede that it does not, fall within the provision quoted.

As has already been suggested, this contract does not provide insurance against the accident itself, or the consequences in general of any accident. The compensation is to be given for specified hurts or losses resulting from accident, as that word is defined in the contract. The notice above called for must describe, not only the accident, but "the nature of the injury" for which the compensation is sought. From the standpoint of Mrs. Earl, the injury was the loss of her husband by death. Such a notice as is described could not have been given in her case, since the injury insured against, and which constituted the subject of her "claim for benefit," had not resulted when the 10-day period expired. Each of the two sentences which follow the paragraph last spoken of contains the words, "of

which accident the association shall have had notice within the ten days above mentioned of the happening thereof." These sentences appear as successive paragraphs in the certificate, and the second reads:

"This certificate will not entitle the certificate holder, or any person in interest, to indemnity for disability of any kind, unless the disability accrues within thirty days from the date of the accident causing such disability, of which accident this association shall have had notice within the ten days above mentioned of the happening thereof."

The words, "disability of any kind," mean personal hurts, to wit, the loss of hand, or foot, or both hands, or both feet, or a hand and foot or both eyes. Said words do not refer to the incapacity for business specified as one of the losses insured against; for, by the express terms of the policy, that must begin at the time of the accident. The words, "of which accident this association shall have had notice within the ten days above mentioned of the happening thereof," apparently classify the disability or hurt which must accrue within the 30 days, as distinguished from a similar disability or hurt which may occur, in the words of the third paragraph quoted from the certificate in this opinion, "during the life of this certificate." If incapacity for business resulted at once from the accident, whereby a claim arose, and the 10-days notice was given, and disablement in the way of mutilation afterwards resulted, such disablement, to be within the terms of the policy, must, by force of the paragraph last quoted, take place within 30 days from the date of the accident. More than this, as will be seen on reflection, said words do not necessarily import.

The other provision referred to, being the one on which plaintiff in error relies, is:

"This certificate will not entitle the beneficiary herein named, or any party in interest, to death benefits unless death results from the accident within ninety days from the date of the accident, of which accident the association shall have had notice within the ten days above mentioned of the happening thereof."

This may be paraphrased as follows:

"In the case of an accident, of which the association shall have had notice within the 10 days above mentioned of the happening thereof, this certificate will not entitle the beneficiary herein named, or any party in interest, to death benefits unless death result ninety days from the date of such accident."

The words, "of which accident the association shall have had notice within the ten days above mentioned of the happening thereof" do not, as they stand, contain the sense that the notice is part of the condition precedent to liability expressed in said paragraph. They are not equivalent to "and unless the association shall have had notice of said accident within the ten days above mentioned of the happening thereof." Said words do not express an independent and further condition precedent. They describe or identify the subject-matter of that condition which is expressed. The question is whether, in view of the language of the certificate as already given in this opinion, said words imply the notice as a further condition. In favor of this implication it may be urged that, by a prior provision, quoted above

from the contract, there can be no liability for a loss of life in any case unless death result from the accident within 90 days thereof. Wherefore, the words in question add nothing to the contract, if not the further condition calling for the notice.    On the other hand, and in this connection the scope of the insurance, the benefit proposed in this certificate, is to be considered, for said words may be treated as merely intensive or precautionary, rather than be brought into conflict with what is otherwise the plain sense and purpose of the contract, by attributing to them a meaning which they do not necessarily contain.    An accident by a means which is external, violent, and fortuitous, and which produces external, visible mark upon the body, may for a time utterly escape the attention, or even the knowledge, of the person affected, and yet result eventually in mutilation or death. In an accident of the kind which killed Dr. Earl, there may be, for a time, as in his case, nothing whatever to suggest the perils insured against, namely, mutilation or death, as possible results.    Yet such accidents are within the scope of this policy.    A requirement that notice of such an accident must be given within 10 days of its occurrence would be rather a cancellation of the policy with respect to a risk distinctly specified therein, than a rule of procedure to be followed by the certificate holder,—an extinguishment of the insurance, rather than a limitation upon the method of ascertaining the loss to be compensated.    If such a requirement be not void for repugnancy, within the rule illustrated by In re State Fire Ins. Co., 32 Law J. Ch. 300, it is so far unreasonable that we cannot put it into the contract by implication.    We cannot imply from the words in question a significance which they do not express, when the effect would be to annul part of the insurance specified in the certificate as the subject-matter thereof.

The judgment is affirmed.