# Fidelity & Casualty Co. of New York v. Hart.

(Decided February 2, 1911.)

## Appeal from Fleming Circuit Court.

1. Insurance—Accident Insurance—Loss of Capacity for Labor—Notice—Final Proofs—Time.—The insurance in this case was against loss of labor or rather of the capacity for labor. Appellant pleaded in bar of a recovery that insured had not given it notice "as early as it was reasonably possible, of the disability occasioned by the paralysis, and the claim was abandoned under the terms of the policy, and that insured did not furnish affirmative final proof at all, of the disability caused by the paralysis. The court sustained a demurrer to the pleas. Held, it may be conceded that where the policy requires the giving of notice of injury or illness, and specifies a certain time within which the notice must be given, the condition will be enforced. What the parties to the contract have themselves writtten down in it, as an essential ingredient of a basis for a claim under it may be regarded by the courts as the essence of the contract, for it may not be assumed that the parties would have entered into the engagement otherwise.

2. Indemnity—Total Disability.—Neither paralysis nor its duration for 52 weeks gives the insured a claim for indemnity. The paralysis must be so severe as to have wholly incapacitated the insured from labor. Then in addition the paralysis must have developed, or from the beginning must have been a total paralysis of the limbs, "whereby the assured shall entirely lose their use." Until there is a total paralysis of the two limbs and it is apparent that it is permanent there is no ground for a claim under the policy.

3. Final Proofs—Waiver—Initial Notice.—The provision of the policy as to final proofs was waived by the company's denial of all liability when the initial notice was g'ven to it.

FRED FORCHT, EDWIN A. JONES, WORTHINGTON & COCHRAN and J. H. POWER for appellant.

JOHN B. M'CARTNEY and B. S. GRANNIS for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

This is an appeal from the judgment of the Fleming circuit court awarding the appellee, R. K. Hart, $2,500 on an insurance policy held by him in the appellant company. This suit was brought April 14, 1910, in the Fleming circuit court by appellee against appellant to recover $2,500 on a policy of accident insurance which was issued by appellant to appellee on February 11, 1904, and

renewed each year thereafter, the last renewal being dated February 11, 1910. The policy provided for the payment of a weekly indemnity of $25 for injuries which should totally disable the insured from performing any and every kind of duty pertaining to his occupation, and for the payment of $5,000 in case of death, or the loss by actual separation of both hands of both feet or one hand and one foot, or the loss of the sight of both eyes; and for the payment of $1,700 in case of such loss of one hand or one foot, or the sight of one eye. The policy provided for the payment of double the above sums in case the death or injury should happen while the assured was a passenger on a railroad train, or other public conveyance, or in a passenger elevator, or in a burning building. The policy further provides for a weekly indemnity of $25 while the assured should be sick with typhoid fever, or with any of twenty-nine other diseases mentioned. There are several other classes of injuries and diseases for which indemnity is provided:

Clause 7 of the policy (on which this suit is founded) reads as follows:

"If the assured shall contract during the term of this policy, any disease which shall not result in death, but shall result, independently of all other causes, within one year from the date of this insurance or any renewal thereof, in the irrevocable loss of the sight of both eyes, or in permanent paralysis, whereby the assured shall entirely lose the use of both hands, or both feet, or of one hand and one foot, and, on the account of either of said conditions be permanently unable to engage in any work or occupation for wages or profit, the company will pay to him in lieu of all other indemnity, upon the filing at the company's home office of satisfactory proofs of the continuance for 52 consecutive weeks of such blindness or paralysis, twenty-five hundred dollars ($2,500.)"

Clause 14 of this policy reads:

"Written notice as early as may be reasonably possible, must be given the company at New York City, of death or disability for which a claim is to be made, with full particulars thereof and full name and address of the assured. Affirmative proof of death or disability, or of loss of limb or sight, or of duration of disability, must also be so furnished to the company within two months from the time of death, or loss of limb or of

sight or of the termination of the disability. Affirmative preliminary proofs of blindness or paralysis must also be so furnished to the company within fourteen months from the date beginning of total blindness or paralysis. Legal proceedings for the recovery hereunder may not be brought before the expiration of three months from date of filing final proofs at the company's home office, nor brought at all unless begun within six months from time of death or of loss of limb or of sight, or of the termination of disability, or unless begun within eighteen months from date of beginning of total blindness or paralysis. Claims not brought in accordance with the provisions of this paragraph will be forfeited to the company.''

Clause 15 of this policy reads:

''Any medical advisor of the company shall be allowed to examine the person or body of the assured or beneficiary in respect to any alleged disability or cause of death as often and in such manner as he requires, and shall also have the right and opportunity to make an autopsy in case of death.''

The claim of appellee in this suit is that he entirely lost the use of his left foot and his left hand from a stroke of paralysis on February 5, 1909; and that on account thereof he was permanently unable to engage in any work or occupation for wages or profit; and that his disability continued for 52 consecutive weeks from said date.

Appellant thus construes the policy:

''It will be noticed that the disability which will authorize a recovery by appellee, under clause 7 of the policy, is such a paralysis as would cause him to entirely lose the use of one hand and one foot. In addition, it must be such a disability as renders him permanently unable to engage in any work or occupation for wages or profit. And further, this condition must continue for 52 consecutive weeks.''

Thus far we can agree with appellant's construction. The insurance was against loss of labor, or rather, of the capacity to labor. The immediate cause insured against in this clause of the policy was paralysis. The paralysis, though, must have been not only such as to deprive the insured of the capacity to labor so as to earn wages, but must have continued to that extent for fifty-two consecutive weeks. But it need not have been a total paralysis of the limbs mentioned at the beginning; it was

only necessary that within fifty-two weeks of its beginning it should have resulted in such total paralysis; and that this condition must have become permanent.

The policy also covered injuries from accident resulting in disability or death, as well as loss of time, or health, from certain enumerated diseases. Weekly indemnities were provided in the policy, as well as graduated sums payable upon death, or loss of limbs or eyes, and for certain surgical operations. The insured had an election under clause 5 of the policy to claim indemnity for partial loss of power to work, or for more aggravated form of injury, provided he gave timely notice of his election.

In this action the appellant pleaded in bar of a recovery that the insured had not given it notice "as early as was reasonably possible" of the disability occasioned by the paralysis, which began February 5, 1909, and, therefore, that the claim was abandoned under the terms of the policy. It also pleaded that the insured did not give notice of his disability within sixty days of the beginning of the paralysis, and did not furnish affirmative final proofs at all of the disability caused by the paralysis. The court sustained demurrers to those pleas. And there is the storm center of the case.

It may be conceded that where the policy of insurance requires the giving of notice of injury or illness, and specifies a time certain within which the notice must be given, the condition will be enforced. What the parties to the contract have themselves written down in it as an essential ingredient of a basis for a claim under it, may be regarded by the courts as of the essence of the contract; for it may not be assumed that the parties would have entered into the engagement otherwise. There is no prohibition against their contracting for limited liability, or for liability of the insurer conditioned upon the other party's compliance with specified requirements of the contract.

The written notice first mentioned in paragraph 14 of the policy, above quoted, relates to other claims for indemnity than blindness and paralysis; for those two a notice more specific as to time is required. Two notices are required in case of paralysis. The first called "affirmative preliminary proof," must be given within two months of a certain stage of the disease, and "affirmative final proofs" within fourteen months of the same event. It is the contention of appellant that these

notices must be given within two months and fourteen months respectively of the beginning of the paralysis. The insurer is not concerned with the fact that the insured has been paralyzed, unless the nature of the disease is such as to create a liability against it. And until such liability has been created, or until the causes which would finally result in the liability have concurred, it is not entitled to be notified of the fact. Neither paralysis, nor its duration for 52 weeks gives the insured a claim for indemnity. The paralysis must be so severe as to have wholly incapacitated the insured from labor—not necessarily that from the beginning and for 52 consecutive weeks the loss of the two limbs should have been entire. Then in addition the paralysis must have developed, or from the beginning have been, a total paralysis of the two limbs "whereby the assured shall entirely lose their use." If the disease manifests itself from the beginning as a total paralysis of the two limbs, and is such as in its nature it is permanent paralysis, the preliminary notice is then due. However, until there is a total paralysis of the two limbs, and until it is reasonably apparent that it is permanent, there is not a ground for a claim for indemnity under the policy. It is only when the claim may be said to be potential that the disability is begun for which the insured may claim, that the preliminary notice is due, and then only within two months of such beginning. The construction above is sustained in a somewhat analagous case reported in 70 Fed. 16, 16 C. C. A. 596, of Odd Fellows Fraternal Accident Association of America v. Earl.

The paragraphs under discussion are, however, easily susceptible of a different construction, namely, that the disease must have been from the beginning such as to wholly disable the insured, and must have continued for 52 consecutive weeks, at which time the assured must be entirely disabled by the total paralysis of the two limbs, to work, and that the initial notice must have been given within two months of the beginning of the paralysis; or, that until there was a total disablement from the paralysis the disease may not be said to have begun, and must at some period result in such total disablement, within two months of which event preliminary notice of the fact must be given, and if the disease continues to so disable the insured for 52 consecutive weeks after its virulence has assumed that form, and then be permanent, the claim for the indemnity for the first time

arises, subject to be defeated by the failure of the insured to furnish proofs within fourteen months of every element stated in the policy as entitling him to claim indemnity. It may be even true that one of the latter is the more satisfactory construction of the clauses in question. However, it is not certain from their reading that such is the fact. Nor even if we could now say that the latter is the better, and, therefore, correct construction, is that sufficient. The test is, is the contract fairly susceptible of the construction which supports the plaintiff's claim. If it is, although there may be another construction equally plausible, or even more satisfactory, it may be said to furnish such ambiguity as would require the courts to adopt that one which protects the assured. The rule is well stated in Noonan v. Bradley, U. S. ——— (Law Ed. Book 19, p. 761), as follows:

"If there be any doubt as to the construction which should be given to the agreement of the intestate that construction should be adopted which would be more to the advantage of the defendant upon the general ground that a party who takes an agreement prepared by another and upon its faith incurs obligations or parts with his property, should have a construction given to the instrument favorable to him. And on the further ground that when an instrument is susceptible of two constructions, the one working injustice and the other consistent with the right of the case, that one should be favored which standeth with the right."

Or, as stated in more familiar terms by May on Insurance (Sec. 175):

"No rule in the interpretation of a policy is more fully established or more imperative and controlling than that which declares in all cases it must be liberally construed in favor of the insured, so as not to defeat, without a plain necessity, his claim to indemnity, which, in making the insurance, it was his object to secure. When the words are, without violence, susceptible of two interpretations, that which will sustain and cover the loss must, in preference be adopted."

That does not mean that the policy must be so ambiguous that it can not be determined what the terms employed import. On the contrary it assumes that the policy is susceptible, without violence, to at least two constructions, and concedes that it may be so parsed out that the better is for the insurer, and so as to relieve it

of all liability. The expression "must be liberally construed in favor of the insured," allows, and in fact necessitates, that the weaker reasoning be supplemented by a liberal allowance so as to, if it will, outweigh the better and more technical course. If the terms were clearly in favor of the assured, there would be no place for the rule invoked. And if the weaker construction could not be supplemented by the course suggested, then the efficacy of the rule would be destroyed. The reason for the rule is that the insurer with deliberation and care has set down in its own language the conditions of its contract; if it is not unreasonably susceptible of a construction against the insurer then it is likely that the assured understood it that way. It would not be right to allow such a deception to prevail, as would follow if a technical construction were allowed to defeat a possible and not impracticable one imported by the terms. Having the choice of words, the insurer ought to have so expressed itself as to leave no doubt, and as to forestall misunderstanding.

The policy under investigation has been quoted from as if the clauses being considered stood together, and were alone related. But that is not the fact. They are widely separated. The intervening matter might well lead the attention astray from the relation of the two. The whole instrument is ingeniously constructed so as to hold out hope in one part, while defeating it in another. It would be possible under a liberal application of the terms of the policy, for the insurer to always evade the payment of any indemnity under the paralysis clause, no matter how prompt and full and numerous the notices. Certainly the insured at least could never have contemplated such an operation of the contract. He was contracting for indemnity for the loss of ability to work from certain accidents and diseases. He paid for that indemnity, and carried the policy for years. His contract was so complicated that his attorney, having choice of courses, gave the contract the construction we have reached in giving notice. The circuit judge trying the case gave it the same construction. At the worst the judges of this court had grave doubt about the proper construction. This, then, is one of those cases calling for the application of the rule first quoted.

The provision as to final proofs was waived by the company's denial of all liability when the initial notice was given to it.

The demurrer to the paragraphs of the answer based upon lack of notices was properly sustained, it being conceded by the answer that notice was given before the suit, and nothing appearing in the pleadings that it was not within two months of the development of total paralysis of the one leg and one hand.

The other questions discussed in briefs depend upon the facts as shown by the evidence. We think the court below found the facts correctly, and the judgment will not be disturbed.

Affirmed.

The whole court sitting.