## Dickinson v. Fraternal Aid Union.

(Decided May 4, 1917.

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

Insurance—Fraternal Insurance—The Contract in General.—An insurance contract with an insurance company, which is not ambiguous nor fairly susceptible of two interpretations, should be construed by the rules ordinarily applying to the construction of contracts, and the intention of the parties is determined from the entire instrument, which embraces the contract.

ELMER C. UNDERWOOD for appellant.

LOUIS C. HECK, JR., for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

It is gathered from the pleadings that the Fraternal Aid Union is a secret fraternal society, which is under

the supervision of a grand or supreme body, and secures its members through the lodge system exclusively, and does not pay commissions nor employ any agents, except in the organization and supervision of the work of the local subordinate lodges or councils, and insures the lives of the members of the association, and that it entered into a contract with Thomas W. Dickinson, who was a member of one of its subordinate lodges, by which it upon certain conditions insured the life of Dickinson and issued to him a benefit certificate or policy of insurance. The beneficiary of the certificate or policy, according to its terms, was the appellant, Emma M. Dickinson, who was the wife of the insured. The portions of the certificate essential to the determination of the controversy in this action are as follows:

"This benefit certificate issued by Fraternal Aid Union.

"Witnesseth: That Thomas W. Dickinson, a member of this association, enrolled in lodge No. 223, located at Louisville, in the state of Kentucky, while in good standing, subject to all the provisions and conditions of this certificate, and, also, all those contained in the constitution and by-laws adopted or hereafter adopted by the Fraternal Aid Union, except as is herein otherwise provided, is entitled in case of his death to have his beneficiary, Emma M. Dickinson, bearing the relationship to said member of wife, to receive the amount of $1,000.00.

"This certificate is issued . . . . and is accepted by all the parties in interest with the express understanding that the provisions and conditions endorsed hereon or hereto attached, form a part of this agreement, as fully as if set forth over the signatures hereto affixed.

"This certificate is based upon the application of the member to whom the same is issued, and the medical examination accompanying the same, and said application with said medical examination, the articles of incorporation, the constitution and laws of the association, now or hereafter adopted, and this certificate constitute the agreement between the Fraternal Aid Union and said member."

Endorsed upon the certificate and which by the terms of the agreement compose a part of it, are in substance the following provisions:

The payments made upon the certificate shall be kept separate and apart from the other funds of the association and used for the sole benefit of this and like certificates, except that when all death claims are paid and there shall have been transferred the full amount of the reserve required for this and all other like certificates, any surplus may be transferred to the general fund of the association. All of the provisions of the constitution relating to suspension and forfeiture, during the first three years, from and after the issuance of this certificate, shall apply hereto, except in the event of suspension for non-payment of payments, the holder of this certificate shall have no right to reinstate as provided by section 70, of the constitution. If full payments shall be made for three successive years from the issuance of this certificate, the provisions of the constitution and laws applicable to this certificate, which relate to suspension and forfeiture on account of non-payment of payments, shall be subject to a number of provisions and conditions, which are fully set out. Then follows a provision in regard to and regulating the loan value of the certificate. Then follow provisions regarding the reserve value of the certificates and the payments to be made by the members. Then follows a declaration signed by the insured, which is as follows:

"I hereby accept certificate No. 136642, delivered to me this 23rd day of October, 1915, subject to all of the conditions and provisions thereof, together with the conditions and provisions of the constitution and by-laws, adopted or hereafter adopted, by the Fraternal Aid Union. I acknowledge receipt of a copy of said constitution and by-laws. I further declare and warrant that I am in sound bodily health and of temperate habits.

"THOMAS W. DICKINSON."

The insured died within a few weeks after the receipt of the certificate and within less than one year after his initiation into the association, and when the proof of the death had been made, the appellee refused to pay the sum of $1,000.00 stated in the policy as the sum of its liability, but instead tendered to the beneficiary the sum of $333.34 as a full settlement of her claim under the policy and she accepted the tender and gave up the policy. Within a short time thereafter, having become dissatisfied with the settlement, she offered

to return to appellee the sum paid her and demanded the payment to her of the sum of $1,000.00, in satisfaction of the policy. This the appellee refused to do and hence this litigation.

The appellant stated substantially in her petition the issuance of the certificate and the death of the insured and other allegations, which, if true, would show the liability of the appellee for the balance of the $1,000.00, which she had not received and claimed that appellee had procured her to accept the sum, which had been paid to her as a settlement of her entire claim, by fraud and misrepresentation and prayed for a recovery of $666.66, as the unpaid portion of the $1,000.00. The appellee answered, traversing all the averments of the petition, and by a second paragraph set out the terms of the certificate and all the provisions and conditions contained in it and endorsed upon it, and, also, a provision of the constitution, which provides in effect, that if a member, holding a benefit certificate, dies within less than one year from the date of his initiation into the association from the effects of Bright's disease, that the beneficiary of the certificate shall only receive, in full satisfaction of the liability of the society by reason of the certificate, one-third of the sum provided for in the certificate as its maximum liability. It was then alleged that the insured had died from the effects of Bright's disease less than one year from the date of his initiation into the society, and that it was, therefore, bound for one-third only, of the sum named in the certificate as the maximum liability; that it had already paid such sum to the appellant and was liable for nothing further. A general demurrer was interposed by appellant to the second paragraph of the answer, which the court overruled, and the appellant declining to plead any further, her petition was dismissed and she has appealed to this court for a review of the judgment of the circuit court and the question presented for decision is, whether the second paragraph of the answer presents a defense to the cause of action sued upon, and this makes necessary a construction of the contract of insurance.

The appellant contends that the contract, as expressed in the certificate, provides, that the beneficiary is to receive $1,000.00 upon the death of the insured; that while the constitution and by-laws are a part of the contract and that the promise to pay the $1,000.00 is subject to

the provisions of the constitution and by-laws, which amount to a condition upon which the association is relieved from the obligation to pay the full amount in the event of the death of the insured from the effects of Bright's disease, within one year from his initiation into the society, that such condition is, also, subject to an exception, which is, "except as herein otherwise provided," and that there are no other exceptions in the policy, except as to reduced amounts relating to extended insurance and the like, and that these are all of the exceptions and should prevent the appellee from relying upon a clause in the constitution and by-laws to lessen the amount of the obligation. It is impossible to concur in this reasoning. If the exception, "except as herein otherwise provided," is an exception to the condition, "subject to the conditions and provisions contained in the constitution and laws," one of the provisions in the constitution and laws provides, that, if the insured dies within a less period than one year after his initiation, the amount to be paid the beneficiary under the contract, is only $333.34, then, if none of the exceptions embraced in the certificate are such as to obviate this result, the conclusion inevitably follows, that that provision of the constitution is in full force and effect as a part of the contract. There are two instances, in the exceptions endorsed upon the certificate and, by its terms to be considered a part of it, which refer to the provisions of the constitution. One of the exceptions is to the effect that all the provisions of the constitution relating to suspension and forfeiture of the certificate during the first three years from and after its issuance shall apply to it, except in the event of the suspension or forfeiture for non-payment of payments, the holder shall have no right to reinstate as provided by section 70, of the constitution. The other reference to the constitution contained in the exceptions is to the effect, that, if full payments shall be made for three successive years from the issuance of the certificate, the provisions of the constitution and laws applicable to it, which relate to suspension and forfeiture on account of non-payment of payments, shall be subject to a number of conditions and provisions there enumerated; none of which, however, have any relation to or attempt in any wise to limit the operation of the clause of the constitution with regard to the effect upon the amount of the

insurance when the insured dies from Bright's disease less than a year after initiation: The exceptions above named must necessarily be the ones referred to as "except as herein otherwise provided," as they are the only ones, which purpose in anywise to provide for anything other than the full operation of the provisions of the constitution and laws as a part of the contract.

There is no escape from the conclusion, that the provisions of the constitution were fully intended by the parties to constitute a part of the contract. After stating in the certificate that the undertaking to pay the beneficiary the sum of $1,000.00, subject to the provisions and conditions of the constitution and laws, a clause follows, wherein it is expressly agreed, that the constitution and laws constitute a part of the contract and this is followed by the declaration subscribed by the insured, that the certificate is accepted subject to all the provisions and conditions of the constitution, and no exception follows this declaration. To say that the undertaking to pay the full amount of the policy was the exception referred to as, "except as herein otherwise provided," would be without any reason upon which to hang it, as in that event the provision limiting the liability to the requirements of the constitution, "except as herein otherwise provided," if the exception related to the main undertaking of the policy it would have the effect of making the conditions subject to the provisions of the constitution, "except as herein otherwise provided," have no force or meaning whatever. The appellee is one of those secret and fraternal societies, which, under section 679, Kentucky Statutes, will not be precluded from relying upon the constitution and by-laws as parts of the contracts made by them, when such by-laws are not attached to and do not accompany the policy or are not endorsed thereon. The members of such societies, who are the insured, are presumed to know the requirements of the constitution and by-laws, and in the present instance, they were expressly made a part of the contract. Supreme Lodge Knights & Ladies of Honor v. Anderson, 146 Ky. 481; National Council Jr. Order American Mechanics v. Thompson, 153 Ky. 636; Hawton v. Sovereign Camp Woodmen of the World, 162 Ky. 432; 22 Cyc. 1411.

Applying the ordinary rules for the construction of a contract, the primary one of which is to ascertain the

intention of the parties by a consideration of the entire writing, which embraces the contract, there does not appear to be any doubt of its meaning nor is it susceptible of more than one reasonable interpretation. Hence, the rule of construction contended for by appellant as applicable to the contract, and which is, that, if the terms of an insurance contract are ambiguous or fairly susceptible of two interpretations, the interpretation should be given to it, which is most favorable to the insured and the beneficiary, as held in the line of cases of which American Bonding Co. v. Ballard County Bank, 165 Ky. 63; Continental Beneficial Association v. Holt, 167 Ky. 806; Farmers, etc. v. Smith, 158 Ky. 459; Pacific Mutual Life Insurance Co. v. McCabe, 157 Ky. 270; Fidelity & Casualty Co. v. Hart, 142 Ky. 25; and Federal Insurance Co. v. Hiter, 164 Ky. 743 and other cases, which have been determined by the same rule of construction, is not applicable.

The judgment is, therefore, affirmed.