## Scruggs' Guardian v. Knights and Ladies of Security.

(Decided March 23, 1920.)

Appeal from Jefferson Circuit Court
(Common Pleas, Third Division).

1. Beneficial Associations — Authority of Agents — Subordinate lodges of a mutual benefit society, are, as a general rule, the agents of the supreme lodge of the society, and the society is bound by their acts and omissions, within the scope of their authority.

2. Beneficial Associations—Authority of Subordinate Lodges.—A mutual benefit society is bound by the acts and omissions of a subordinate lodge, only, when the latter is the agent of the former; and before the act of the subordinate lodge can bind the society, it must appear, that the inferior lodge was· acting within the scope of its authority; or, if an omission, before it constitutes a waiver or estoppel to the society, it must appear, that the omission was to do something, which it had authority, as an agent to do and which it was the duty of the society to do or cause to be done.

ROBERT L. PAGE and EDWIN G. HILL for appellant.

L. D. GREENE and CHARLES P. SUTT for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

This action was decided in the trial court upon a general demurrer to the petition. The petition was held insufficient upon demurrer, and the plaintiff declining to amend the petition or to plead further, it was dismissed, and from that judgment she has appealed to this court, and the only question before us, is whether or not the petition stated a cause of action in favor of the plaintiff. The plaintiff, Estella Scruggs, is an infant under twenty-one years of age, and sues by her statutory guardian. The defendant below and appellee, here, Knights and Ladies of Security, is an unincorporated benefit fraternal society, which does its business through lodges exclusively, and is composed of a supreme council and sub-

ordinate councils, and was organized for the protection of its members and the payment of insurance to such persons related by blood to its members, who are named as beneficiaries in the certificates issued by the society to its members.  George Scruggs, in his lifetime, was a member of the Falls City Council, 627, at Louisville, Kentucky, which was an unincorporated subordinate council of the society, and worked under the jurisdiction of the national council of the society, and under its laws.  On or about February 13, 1915, George Scruggs became a member of the Falls City subordinate council, and, on that date, the society issued and delivered to Scruggs, a beneficiary certificate, by which it undertook to pay to his daughter, Estella Scruggs, the sum of $1,000.00 in the event of his death.  The contract in the certificate, however, provided, that, if the assured should die after six months from the date of his admission to the society and delivery of the certificate and within twelve months from that date the national council of the society would pay to the beneficiary seventy per cent of the sum named in the certificate, or the sum of $700.00.  From the date of his admission to membership in the society, and until and including the month of September, 1915, the insured paid all the dues and assessments, levied by the society and required by it, to keep the certificate in full force and effect, and all of the dues and assessments required by the national council and subordinate council of the society, and complied with all the laws and regulations of the society, and was a member in good standing in both the national and subordinate councils of the society in September, 1915.  The dues and assessments, which were collected from the members including George Scruggs, were for the purpose of paying the death benefits and certificates of insurance upon the lives of deceased members, and, also, for the purpose of paying the operating expenses of the national and subordinate councils.  About the 10th day of August, 1915, the insured was the victim of an accident, that rendered him sick and disabled, and wholly incapacitated for any purpose, from that date, until December 10th following, when he died.  The constitution and laws of the national council, contains the following provision:

"Sec. 128.  Sick and funeral benefits.  Subordinate councils may make such provisions for the payment of sick and funeral benefits, as they may deem best."

As authorized by section 128, of the constitution and laws of the supreme council, the Falls City local council of which Scruggs was a member, adopted a by-law as follows:

"Article 3, Sec. 1. Each member of this council in good standing who shall become sick or disabled, shall be entitled to receive, as benefits from the general fund of this council, a sum sufficient to pay his or her assessments and dues, which sum shall be applied for that purpose, and the member kept in good standing while so sick or disabled, having given notice to some member of the relief committee or secretary of his or her council, in conformity to section 118, of the laws of the order."

Section 118 of the constitution and laws of the national council is as follows:

"Manner in which council or individual may pay members' assessments.

"In all cases where the subordinate council shall determine to pay one or more assessments or dues for any member not already suspended, the same shall be done only by resolution or motion regularly offered, and carried for that purpose by a majority vote of the council, which proceedings shall appear of record in the minutes of the society, and the amount voted to be paid for any member, must be transferred from the general fund of the subordinate council to the beneficiary fund at that time by a warrant, drawn on the general fund. In case where one or more assessments or dues are paid for a member not already suspended, by any person, the said assessment or dues, must be actually received on the date of the entry in the books of the financier, and the money placed in the proper fund. In no case, shall the financier forward any assessment or assessments for any member unless the same has been ordered paid by a majority vote of the council as above provided, or where the amount has actually been paid into the proper fund for or by the member, and under no circumstances, shall the financier himself advance or pay assessments for such members, and in no case shall the financier date back or post date any receipt for assessments or entry in his books to make it appear, that said assessments were paid at an earlier time, or date."

The insured, George Scruggs, remained sick and disabled from August 10, 1915, until his death in December, following, and because of such disability, did not

know what action, if any, the local council or its members took regarding the payment of his dues and assessments, and as alleged, he had no means of ascertaining the facts upon that subject, but, that he relied upon the local council and its members to keep his certificate in full force and effect, and not to allow it to become forfeited for the non-payment of dues and assessments, for the months of October, November and December. It is further alleged, that he gave the Falls City council notice of his sick and disabled condition and that the members of its relief committee and secretary knew of his condition, but the subordinate council, of which he was a member, failed to pay any of the dues and assessments, assessed against him, for the months of October, November and December, and the financier of the subordinate council failed to forward to the national council any of the dues or assessments against him for the months named, nor did the subordinate council pass any resolution providing for the payment of his assessments as required by section 118, of the constitution of the national council, and in fact, no action of any kind was taken by the local subordinate council to pay his dues and assessments, and to keep his certificate in full force and effect. It is further alleged, that it was the duty of the subordinate council, of which he was a member, to pay the dues and assessments, assessed against the insured, to the national council after he became sick and disabled, and after notice thereof was received by the relief committee and secretary, and that the local council was the agent of the national council and the society, and that under the certificate of insurance, the society was indebted to the plaintiff in the sum of $700.00, and that proper proofs of the death had been furnished to the society, but it had refused to pay the demand.

The constitution and by-laws of the society and the constitution and by-laws of Falls City council were a part of the terms and conditions of the beneficiary certificate, which the insured held.

It appears, that upon the hearing, which resulted in the judgment appealed from, the beneficiary certificate, held by the insured, the constitution and by-laws of the supreme council, and the constitution and by-laws of the subordinate council, were a part of the record, and considered as a part of the petition, but, the parties having agreed that these portions of the record, should not be

made a part of the record, for consideration by this court, it will be assumed, that they do not affect the questions, at issue, and are not necessary for a determination of the soundness of the judgment by which the demurrer was sustained, and hence, we will be confined entirely, to the matters averred, in the petition.

It will be observed, according to the averments of the petition, that the subordinate council was authorized by the constitution and by-laws of the supreme council, to make such provisions for the payment of sick benefits, as the subordinate council might deem best, and under this authority, the subordinate council, of which the insured was a member, enacted a by-law, by which it was provided, that if a member was sick or disabled, he should be entitled to receive, as benefits from the general fund of the council, a sum sufficient to pay the dues and assessments of such member, and that the sum allowed for benefits. should be applied for the purpose of paying the dues and assessments of the member, and the member kept in good standing, while sick or disabled. The payment of the dues and assessments for the sick member, was, however, not obligatory upon the subordinate council, until after the secretary, or a member of the relief committee, had been given notice by the insured of his sick or disabled condition. Article 3, sec. 1, of the by-laws of the subordinate council, is awkwardly drawn, but, it is evident, from a reading of it, in connection with section 118, of the constitution and by-laws of the supreme council, to which it refers, that the words, "in conformity to section 118 of the laws of the order," does not refer to the notice, which the insured must give of his sick condition, but, refers to the manner in which the subordinate council shall appropriate the sick benefit to which a member is entitled, to the payment of his dues and assessments, so as to keep him in good standing while sick. Section 118, of the constitution and laws of the supreme council, provides, that when a subordinate council pays the dues and assessments of one of its members, who has not been already suspended, it should determine to do so, by a resolution adopted by a majority vote of the council, and that such proceeding should be made to appear upon the minutes of the society and the amount. to be paid for the member should be transferred from the general fund of the subordinate council to the beneficiary fund by a warrant drawn on the general fund,

and the financier of the subordinate council should not forward any dues or assessments of a member to the supreme council, unless he shall have first been ordered to do so by a majority vote of the subordinate council. It is inferred from the averments of the petition, that a failure to pay the monthly dues and assessments against a member, results in the member ceasing to be in good standing and a forfeiture of his beneficiary certificate, under the laws of the society, and it is, also, inferred, that the failure of the payment by Scruggs of his dues and assessments for the months of October, November and December, was the ground of the refusal by the society to pay the insurance upon his life, to the beneficiary, after his death. Scruggs paid all the dues and assessments levied upon him up to the month of October, and was in good standing in the society, until the arrival of that month. The petition does not show, except inferentially that he gave notice to the secretary or to a member of the relief committee of his sick condition, but, he avers, that while in good standing, he gave notice to the subordinate council, of which he was a member, and that the secretary and the members of the relief committee had knowledge of his condition, at that time, which dispensed with the necessity of notice to them, as the law of the subordinate council made it the duty of such council to allow to him a sick benefit, sufficient to pay his dues and assessments and to pay same for him, in the manner required by section 118, of the constitution and laws of the order. The subordinate council failed to provide a sick benefit for him, or to apply same to the payment of his dues and assessments, so as to keep him in good standing, as it was obligated to do by article 3, sec. 1, of its by-laws, and in accordance with section 118, of the laws of the order. The insurance contract, was not a contract between the insured and the subordinate council, but, a contract between the society, represented by the supreme council, and the insured, and the supreme council having prescribed a method by which the subordinate council should pay dues and assessments for a member, which method not having been followed by the subordinate council, and in fact, the subordinate council not having paid the dues and assessments of the member, in the manner prescribed by the supreme council, nor in any other way, and the insured himself having failed to pay them, he ceased to be in good standing,

and the beneficiary certificate lapsed, and ceased to have any validity, unless the dereliction of duty by the subordinate council to the insured, is attributable to the society, in a way to estop it to rely upon the non-payment of the dues and assessments, as a ground for a refusal to pay the benefit, or else, waived the payments of the dues and assessments made against the insured. The only ground, upon which an estoppel or waiver, by the society, could be based, is that the subordinate council and its officers and members, are agents of the society, and that the duty of providing for and paying the dues and assessments against the insured, under the circumstances, was a matter within the scope of their authority as such agents. An inferior lodge of a mutual benefit society is, as a general rule, the agent of the supreme lodge, and of the society, and its acts and omissions to act, may constitute grounds for estoppel against the society, or a waiver of a right of forfeiture. 29 Cyc. 189; 42; 19 R. C. L. 1221; Mitchell v. Leech, 69 S. C. 413; Rasicot v. Royal Neighbors of America, 18 Idaho 85; Modern Woodmen v. Breckenridge, 75 Kan. 373; Order of Foresters v. Schweitzers, 171 Ill. 325; Supreme Lodge of K. of H. v. Davis, 26 Colo. 252; Modern Woodmen v. Lane, 62 Nebr. 89; Modern Woodmen v. Coleman, 68 Nebr. 660; Pringle v. Modern Woodmen, 76 Nebr. 384; Wotter v. Grand Lodge, etc., 132 Ia. 513; Citizens Life Insurance Co. v. Boyle, 139 Ky. 1; Rogers v. Union Benevolent Society, 111 Ky. 602; N. C. J. O. U. M. N. v. Thomas, 163 Ky. 373. The society or supreme lodge is, however, bound by the acts of the inferior lodges, and the officers of such, as their agents, and before the act or omission of the inferior lodge can be binding upon the society or supreme lodge, it must appear, that the act of the inferior lodge was within the authority granted to it, or, if an omission, before it constitutes a waiver or estoppel to the society, it must appear, that the omission, was to do something, which the inferior lodge had authority as an agent to do for the society, and which was the duty of the society or supreme lodge, to do, or cause to be done. In the matter of collecting dues and assessments, if it is the duty of the subordinate lodge to collect the dues and assessments from its members, which they owe to the supreme lodge, and the subordinate lodge is, also, charged with the duty and authority of expelling or suspending its members for failure to comply with

the laws of the society, including that of paying dues and assessments, the subordinate lodge, when there is nothing appearing to the contrary, is generally held to be the agent of the society in the performance of such duties, and the society is bound by its acts and omissions in the premises. The case of N. C. J. O. U. M. v. Thomas, *supra*, was one, wherein the subordinate council was vested with such authority touching the collection of dues and assessments, as to make it the agent of the supreme lodge or society. The petition in the instant case, however, does not show, that it was the duty of the subordinate council to collect the dues and assessments from its members, which they owed to the supreme council, or whether such dues and assessments were paid by the members, direct to the supreme council, or if any authority was vested in the subordinate council in the premises, the petition fails to show the extent of it. It is averred, however, that the subordinate council was the agent of the supreme council, but it does not allege for what purpose, the agency existed, and there is nothing alleged from which it could be inferred, that it possessed the unlimited authority of a general agent. It is, however, alleged, that article 1, section 3 of the by-laws of the subordinate council as well as section 118, of the constitution and laws of the supreme council, were a part of the contract between the society and the insured, as embraced by the beneficiary certificate, and it will be recalled, that the law of the subordinate council required it to allow a benefit to a sick member sufficient to pay his dues and assessments while sick, and to apply the benefit to the payment of such dues and assessments, and to keep him in good standing in the society, while sick. Section 118, *supra,* directs the manner in which the subordinate council shall perform the duty of paying to the supreme council the dues and assessments, which are payable to it by the member, when it becomes the duty of the subordinate council to pay such dues and assessments. Article 1, section 3, of the by-laws of the subordinate council being a condition of the insurance contract, it has the effect of a covenant on the part of the society, that if the insured becomes sick or disabled and the notice, provided for, is given, then the subordinate council will pay the dues and assessments from the insured to the supreme council in the manner, provided for by section 118, *supra,* during the sickness of the insured,

and keep ,the certificate in full force and effect. The subordinate council thus necessarily becomes the agent of the supreme council for the performance of such services, and unless there is some other stipulation or fact not ·shown by the petition, which relieves the society from liability, it will be estopped to rely upon the non-payment of the dues and assessments by the insured as a ground of refusal to pay the insurance, when the failure was due to the neglect of the agent selected by it for the service, and which it covenanted that the agent would perform.

The judgment is therefore reversed and cause remanded for proceedings, not inconsistent with this opinion.