# Burklow v. Sovereign Camp, W. O. W., Inc.

(Decided Feb. 6, 1934.)

VERT C. FRASER and C. W. BENNETT for appellant.
WITHERS & LISMAN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The Sovereign Camp of the Woodmen of the World is a fraternal insurance organization, with numerous local camps throughout the country. Alexander H. Burklow was a member of the Silver Leaf Camp No. 252 of Kentucky. On April 9, 1920, the Sovereign Camp issued to him a certificate insuring his life in the sum of $1,000 in favor of his wife, Pearl Burklow. The in-

sured died on December 14, 1931, and liability having been denied, this action was brought to recover on the certificate. Recovery was based on the ground that all the premiums, dues, and assessments had been paid up to the time of the death of the insured, and that he was then in good standing. In addition to denying the allegations of the petition, the answer pleaded that the monthly installments due on October 1, 1931, and November 1, 1931, were not paid before the end of the montn, and that by reason thereof the certificate became null and void; that decedent did on December 12, 1931, make payment of the October and November installments, but on said date he was not in good health and did not remain in good health for 30 days thereafter, but prior to the payment of the two installments he had suffered a stroke of paralysis from which he died on December 14, 1931. The affirmative allegations of the answer were denied by a reply. The reply further averred that on November 3, 1925, the local camp passed a resolution providing that the camp pay monthly installments and dues of Alexander H. Burklow until he was able to work and obtain employment; that from said date until the 1st day of October, 1931, the financial secretary paid the dues and assessments; that on October 1, 1931, and November 1, 1931, he had sufficient funds to pay said assessment; that during the month of October or November plaintiff inquired of him if the assessments were still being paid by the members of the lodge and her contract kept in force, and she was assured that the matter was being looked after and the assessments were being paid; that she relied upon this information, and by reason thereof the Sovereign Camp was estopped to deny that the payments were made, and to plead that the policy was lapsed. At the conclusion of the evidence for plaintiff, the court directed a verdict in favor of the Sovereign Camp. Mrs. Burklow appeals.

The facts disclosed by the evidence are these: On November 3, 1925, the local camp passed the following order or resolution: "Sovg. A. H. Burklow reported in bad condition. Motion made and seconded that Clk. take care of his dues until he gets employment." From that time on Burklow was unable to work, and his assessments were regularly paid out of the camp dues until October 1, 1931. For the months of October and November the local camp dues collected from other members were used to pay the commission of the secre-

tary and for other purposes, and Burklow's dues and assessments were not paid on the ground that the camp was overdrawn at the bank. L. R. Burklow, a nephew of the insured, was appointed to look after the matter. In the month of October he went to the financial secretary, Mr. Cates, to see if his uncle's dues were all right. Cates told him it was all right, that A. H. Burklow was in good standing, and that "all the lodge was keeping it up for A. H. Burklow." Several days before his death he again saw Mr. Cates, the secretary, who informed him that it was all right. Later on he became uneasy about the matter, and he and Mrs. Burklow paid the past dues and obtained a receipt from the secretary.

Under the by-laws, assessments must be paid before the end of the month, and if not paid, the member is suspended and his certificate becomes null and void. They further provide in substance that he may be reinstated by payment of past dues on condition that he is then in good health, and remains so for a period of 30 days. In view of the latter provision, and of the further fact that the insured was seriously ill when the assessments were paid, and died within a few days, it doubtless is true that the acceptance of the past-due assessments did not have the effect of reinstating him as a member.

It remains to determine whether the facts make out a case of estoppel. The situation is different from that shown in Supreme Lodge of Knights & Ladies of Honor v. Anderson, 146 Ky. 481, 142 S. W. 1069. There the lodge was under no obligation to pay the assessments of the insured, and the insured, with knowledge of the fact that the lodge had no funds with which to keep up his assessments, failed to make the payments himself. An inferior lodge of a mutual benefit society is as a general rule the agent of the supreme lodge, and its acts or omissions to act may constitute grounds for estoppel against the society or waiver of right of forfeiture. Scruggs' Guardian v. Knights and Ladies of Security, 187 Ky. 544, 219 S. W. 1054. The by-laws plainly recognize the right and power of the local camp to adopt a law to pay the Sovereign Camp dues or assessments of its members, but require the payment to be made before the member becomes suspended, and that the funds be actually transferred from the camp funds into the hands of the clerk on or before the last day on which the as-

sessment is due and payable. Pursuant to this power the local camp passed the resolution reciting that Burklow was in bad condition, and directing the clerk to pay his assessments until he got employment. From that time on Burklow was unable to work, and his assessments were regularly paid by the local camp for a period of about six years. Although other obligations, including the salary of the financial secretary, were paid, Burklow's assessments were not paid for October and November, 1931. Burklow lay seriously ill, did not attend the meetings of the camp, and it is not claimed that he knew that the camp funds were exhausted. Conceding that the camp was under no obligation to pay Burklow's assessments, if as a matter of fact it had no money with which to pay, it cannot be doubted that he or his wife, or some other person representing him, was entitled to notice of that fact. Not only is it not claimed that any such notice was given, but the financial secretary assured L. R. Burklow, the nephew of the insured who was looking after the matter, that the insured was in good standing, and that his assessments were being kept up by the camp. As the financial secretary was appointed by the Sovereign Camp to collect the assessments and transmit them to the Sovereign Camp, and was the person to whom the members or their representatives would naturally apply for information on the subject, it was within his authority to give the assurance. As the effect was to lead the insured or his representative into the belief that his assessments were being kept up by the camp, and to cause them to delay payment until it was too late, there can be no doubt that the facts were sufficient to estop the Sovereign Camp from claiming that the certificate was not in force at the time of the death of the insured. Mutual Protective League v. Walker, 163 Ky. 346, 173 S. W. 802; 14 R. C. L. 1179, 1181.

It follows that the question of estoppel should have been submitted to the jury, and that the court erred in directing a verdict in favor of appellee.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.