CASE 57—ACTION TO RECOVER SICK BENEFITS—Sept. 24.

# Rogers v. Union Benevolent Society No. 2.

APPEAL FROM HARRISON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

BENEFIT SOCIETIES—SICK BENEFITS—DEFAULT IN PAYMENT OF DUES.

Held:  1. Where the charter of a benefit society provides for the suspension or expulsion of a member for non-payment of dues, but further provides that no member shall be suspend- ed or expelled without a fair and impartial trial, a member in default as to payment of dues continues to be a member in good standing until suspended or expelled, and until then is entitled to sick benefits.

2. A member is not in default as to payment of dues where the sick benefits due him exceed the dues owing by him.

BLANTON AND BERRY ATTORNEYS FOR APPELLANT.

This action was brought by appellant to recover $214, al- leged to be due him for sick benefits from the Union Benev- olent Society, of Cynthiania, No. 2.

Appellees decline to pay the money upon the sole ground that appellant is not a member in good standing for the reason that he is in arrears in his dues.

That appellant was and is a member in good standing, except for non-payment of dues is admitted both in the pleadings and proof.

The petition alleges that the defendant has frequently promised to pay the balance due the plaintiff, but refuses to pay same though he has requested and demanded same, and this allegation is not denied.

We claim that under the pleadings the plaintiff is entitled to a judgment nothwithstanding the verdict, and that the court erred in refusing to sustain plaintiff's motion for a judgment, notwithstanding the verdict.

### AUTHORITIES CITED.

Independent Order of Forresters v. Zak., 25 Am. State Rep., 318; Civil Code, sec. 386; Evans v. Stone, 80 Ky., 78.

A. H. WARD, ATTORNEY FOR APPELLEE.

(No brief for appellee.)

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—REVERSING.

The appellee was incorporated under an act of the General Assembly of this Commonwealth entitled, "An act incorporating the Union Benevolent Society of Cynthiana, Ky.," approved March 31, 1886. Acts 1885-86, c. 482. The appellant was one of the charter members of the society, and had not, at the institution of this suit, been suspended or expelled therefrom. Section 6 of the act provides that the society may establish by-laws, rules and regulations for the government and control of the society, for the expulsion or suspension of members, for prescribing the duties of officers, and for the doing and accomplishing the object and purposes of the organization. Pursuant to the provisions of the act, the appellee has adopted rules and by-laws as follows: Section 2, art. 4: "Any member in this society in good standing on becoming sick shall make it known to the sick committee within four days, at which time some one of said committee shall visit them within

twenty-four hours after notice. They shall state in the no-
tice the day they were taken sick, and after they have
been sick one week from date of notice, they shall be al-
lowed $1.50 per week for ten weeks. Then the amount
shall be reduced to $1.00 per week as long as they remain
sick; but should they fail to notify the sick committee in
four days, they will be cut off from one week sick allow-
ance; also any one of the sick committee that received the
notice and fails to discharge his duty shall pay a fine of
25 cents." Section 1, art. 6: "Every member of this so-
ciety shall pay such sums as monthly dues as the by-laws
direct. Any member omitting to pay the same for four
successive months shall be notified by the finance secre-
tary, and, should they neglect to pay the same within one
month, they may be suspended. The secretary shall add
25 cents as his pay for notifying. He shall also pay a fine
of 25 cents for every one he fails to notify." Section 3,
art. 6: "A member shall be expelled for nonpayment of
dues inside of twelve months." Section 2, art. 7: "No
member shall be fined, suspended, or expelled without a
fair and impartial trial, and if they refuse or neglect to
appear, they shall be deemed guilty." It appears that
since January 1, 1892, the appellant has been continuous-
ly sick. At the proper time he gave due notice of his
condition. In 1892 the society paid him the full amount
of his sick dues under section 2, art. 4, and for the years
1893, 1894, 1895, 1896, 1897, and 1898 paid to him parts
of such dues, but refused to pay the $1 a week for the
period stated. He instituted this action to recover the
$52 for each year during his sickness, subject to payments
which were made. The defense is that the appellant was
not a member in good standing. The testimony shows
that he was a member in good standing unless his failure

Rogers v. Union Benevolent Society No. 2

to pay the dues to the society would render him other-
wise.  His monthly dues to the society would amount to
about $13 per year, besides a small sum to be paid on the
death of each member, and there seems to have been about
thirteen deaths of members during the period in question.
The section first quoted entitled the appellant to be paid
$1 per week as long as he remained sick. The Constitution
and by-laws of the society gave it the right to expel a
member for failing to pay his dues.  Assuming that the
society had the right to expel a member for the nonpay-
men of dues, it was essential that it should take such action
as was required by its by-laws for that purpose.  Had a
charge been filed against him that he had failed to pay his
dues, it was necessary that due notice of it should have
been given him and a trial had, otherwise the society was
powerless to expel him.  Had there been a provision of the
Constitution or by-laws to the effect that in the event
a member failed to pay his dues he ceased to be a member
of the society, a different question would have been pre-
sented for our determination.  He was recognized as a
member of the society, and until he was deprived of the
benefits of it by being suspended or expelled therefrom
he was entitled to recover sick benefits.  So far as we are
aware, there has been no question before this court sim-
ilar to the one involved.  The conclusion we have reached
is supported by the case of High Court I. O. F. v. Zak (Ill.
Sup.) 26 N. E., 593, (29 Am. St. Rep., 318).  In that case
it was held that as the rules of the association declared
what should be deemed conduct unbecoming a member of
it, and upon trial and conviction thereof he may be rep-
rimanded, suspended, or expelled, the company could not
resist the payment on the ground that he was not in good
standing,  except  by  showing  loss  of  such  standing

from the records, minutes, or proceedings of the order itself, establishing such loss by the official action of the order. Upon the trial of the case the court regarded the proof of the nonpayment of dues during the period in question as sufficient evidence that the appellant was not a member in good standing, notwithstanding the appellee had never taken any action with reference to the matter, but, on the contrary, for five years after he became sick recognized him as a member in good standing. If it were proper for the appellee to resist the payment of sick benefits because of the nonpayment of dues, although no official action had ever been taken suspending the member therefor, the court should not have adjudged the appellant in default in the payment of dues. Under the provisions of the charter his right to sick benefits accrued when he was a member in good standing, and, if he was liable for dues therefor during his sickness, the society had it within its power to deduct his dues from the sum which it owed him for sick benefits. It owed him much more than he was liable to it for dues. The judgment is reversed for proceedings consistent with this opinion.

Petition by appellant for extension of opinion overruled.