# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY

## APRIL TERM, 1910.

CASE 1.—ACTION BY BOYLE G. BOYLE AND WIFE AGAINST THE CITIZENS LIFE INSURANCE COM· PANY.—June 17, 1910.

## Citizens' Life Ins. Co. v. Boyle & Wife.

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

SAMUEL B. KIRBY, Judge.

Judgment for plaintiffs, defendant appeals.—Affirmed.

1.  Insurance—Reinstatement of Policy—Actions.—The petition in an action to compel the reinstatement of a life policy alleged execution of a policy running from May 1, 1905, providing for payment of the premiums in semi-annual or quarterly installments and that as a part.of the contract defendant agreed, upon plaintiff becoming a member of its department of information and inspection, to pay plaintiff 40 cents on every $1,000 of premiums it received annually; that plaintiff paid in cash the first annual payment on the policy on May 1, 1906, and on May 1, 1907, less the amount of compensation to which he was entitled from the department of information and inspection, and that defendant from the date of the policy and at each renewal thereof until the present year has notified plaintiff of the time when premiums were·due and the amount of his compensation as a member of the department of information and inspection, which amount varied from year

to year, and plaintiff did not know how much such compensation so allowed amounted to or how much was deducted from the premiums paid; that, when plaintiff was informed that his policy had lapsed, he stated he did not intend to let it lapse and was waiting to determine how much compensation would be credited on the premium in order to pay the balance, and that, on learning the amount due, he tendered the balance, which defendant declined, and declared the policy void notwithstanding it then withheld in its possession as plaintiff's compensation a sum more than enough to make an advance payment of a semi-annual premium. Held, that the petition alleged that the compensation due plaintiff under his membership in such department was applied by defendant upon the annual premiums due.

2   Insurance— Life Insurance— Forfeitures— Nonpayment of Premium.—Defendant issued a life policy upon plaintiff's life which provided for payment of premiums in semi-annual or quarterly installments, and as part of the contract defendant agreed upon plaintiff becoming a member of its department of information and inspection to pay plaintiff a certain amount of every $1,000 of premiums it received annually. It had been defendant's uniform custom to apply the compensation due from membership in such department to the reduction of premiums on plaintiff's policy, and plaintiff had refused to change the form of the policy when requested to do so some three months before the premium became due for nonpayment of which the contract was forfeited, and notified it that he intended to continue his policy, but the company failed to give him the customary notice of the time premiums were due, though it then had in its possession an amount due him as compensation under his membership in the department of information and inspection more than sufficient to pay quarterly or semi-annual premium. Held, that defendant should have applied the amount in its possession belonging to plaintiff in payment of his premium, and could not forfeit the policy for failure to pay the premium where it did not do so.

HELM BRUCE and SIDNEY SMITH for appellant.

HELM & HELM for appellees.

OPINION OF THE COURT BY COMMISSIONER CLAY— Affirming.

Boyle G. Boyle and Laura G. Boyle, his wife, instituted this action against the appellant, Citizens' Life Insurance Company, asking a mandatory injunction compelling appellant to reinstate a certain life insurance policy issued to appellee Boyle G. Boyle, and made payable to his wife. A demurrer was sustained to appellant's answer, and judgment then rendered in favor of appellees. From that judgment this appeal is prosecuted.

The petition is as follows:

"Plaintiffs state that the defendant, Citizens' Life Insurance Company, is a corporation organized and existing under the laws of the state of Kentucky, with power to sue and be sued in its corporate name, to contract and be contracted with, and to enter into contracts of insurance insuring the lives of persons against death, and receive from such persons premiums, and generally to do and perform all the usual and necessary acts of a life insurance company organized under the laws of the state of Kentucky. The plaintiffs are husband and wife. Plaintiff Laura G. Boyle is named as beneficiary of a life insurance policy issued by the defendant hereinafter set forth, and joins and unites herein so far as she may be interested.

"Plaintiff Boyle G. Boyle says that: In Louisville, Ky., on the 1st day of May, 1905, he having previously been solicited to do so, and having complied with all the requirements to that end, entered into a contract of insurance with the defendant. There was issued to him by the defendant a life insurance policy of the Citizens' Life Insurance Company, No. 940, for the sum of $10,000, payable at the death of this plaintiff. Said policy provides that this plaintiff as the insured shall annually pay to the defendant, the Cit-

izens' Life Insurance Company, the sum of $182 the 1st day of May, 1905, and on the 1st day of May in each succeeding year for 10 years, but with one month's grace for the payment of said premiums after the first, less the dividends credited thereon; and may at the end of 10 years from the date of same renew said policy for a similar period or periods of 10 years each, paying during such following periods a rate of premium as shown upon the company's tables for the age which the plaintiff shall then have ,attained at the beginning of such periods. It was and is further provided in said policy that the premiums, as due, may be paid in half yearly or quarterly installments, but, should this plaintiff die during any year, that the unpaid premiums for such year should be deducted from the principal of such policy payable to plaintiff's estate, and, in order to make certain the amount payable as such semi-annual or quarterly premiums, as a part of said agreement there was attached to said policy a table showing that the semi-annual premiums due on said policy of plaintiff amounted to the sum of $94.60, and the quarterly premium due thereon to the sum of $48.20. Plaintiff files herewith as part hereof said original life insurance policy No. 940, marked Exhibit No. 1.

"As a part of said contract of insurance, and of even date therewith, defendant, the Citizens' Life Insurance Company, entered into a collateral agreement with this plaintiff, under and by the terms of which agreement the defendant promised and agreed in consideration of this plaintiff's becoming a member of the department of information and inspection of said company to pay to plaintiff the sum of 40 cents on each and every $1,000 of premiums it received in cash during each year, on insurance written in Ken-

tucky, from the date of the policy up to and including the year 1915, so long as such premiums should be paid, said compensation to be credited upon the premium due from plaintiff, and further provides: 'The amount of premiums received during each calendar year shall be ascertained in January of each succeeding year, and said compensation shall be paid each year on the anniversary of the date of this agreement.' Said certificate of membership in the department of information and inspection is filed herewith, as part hereof, marked 'Exhibit No. 2.' Plaintiff has kept and performed all of the obligations imposed upon or required of him pursuant to said agreement of membership in the department of information and inspection, and further paid in cash the first annual premium on said policy of $182 on the 1st day of May, 1906, and the 1st day of May, 1907, less the amount of dividends or compensation to which this plaintiff was entitled, and which he received each year under his said appointment in said department of information and inspection.

"The defendant from the date of said policy, and at each renewal thereafter until this year, has given to this plaintiff notice of the time at which the premiums due from this plaintiff to defendant were payable, and informed this plaintiff of the amount of compensation apportioned to this plaintiff as a member of the department of information and inspection. The sums so allowed to plaintiff as compensation varied greatly, and largely increased from year to year, and plaintiff did not know, and had no means of knowing, what sum such compensation so allowed to this plaintiff amounted to, or how much was to be deducted from the premium payable by him to said company, under the terms of said life insurance policy.

"Plaintiff says that the defendant habitually and customarily gives notice to all of its policy holders of the time when the premiums are payable and of the amount of compensation apportioned to such policy holder, and during the period of grace sends additional notice by mail and has a representative call in person to collect such premium. Plaintiff further says that it is the universal custom and usage of all insurance companies doing business in Kentucky to give notice in writing a reasonable time before such premiums become due to their several policy holders of the amount of such premiums, and, when such policy holder is entitled to receive a dividend or distribution of surplus, to advise such policy holder from whom a premium is due of the amount apportioned or allowed to such policy holder for such distribution of the dividend to be credited upon such premium, and to give the notice and make the demand during the days of grace as stated above. Notwithstanding plaintiff's place of business is only about a hundred yards from the defendant's chief place of business, and plaintiff is personally acquainted with W. H. Gregory, president of said company, and many of its officers and agents, and said company had been informed only three or four months ago that plaintiff did not desire to change the form of his policy, as he was then requested to do, and that plaintiff desired to and would keep up and renew the policy herein sued upon, the defendant, the Citizens' Life Insurancce Company, willfully and intentionally wholly failed to give any notice whatever of the time when his premium herein was due or payable or the amount of compensation apportioned the preceding January 1st on the business written during the preceding year on which cash premiums had been received by said

company to this plaintiff, and plaintiff did not know, and had no means of knowing, what amount of premium it was necessary for him to pay to keep said policy in force. He was at all times ready, willing, and able to pay said premium when and as soon as plaintiff was informed of the amount of compensation awarded to him, pursuant to said contract for his services as a member of such information and inspection department of said company.

"Plaintiff carries, and has had for years, other policies of insurance in other companies, and always received notice of the time when premiums were due from such companies, as well as heretofore from this defendant, and of the amount of the surplus or dividends or compensation apportioned to him under his policies, and the plaintiff relied upon being informed by the defendant of the time when his premium was due and the amount of the compensation which he was entitled to receive as a credit upon such premium due for the year beginning May 1, 1908. On June 13, 1908, the president of the defendant company called this plaintiff by telephone to know why plaintiff had allowed his policy herein sued upon to lapse. Plaintiff immediately responded that he did not intend to let said policy lapse, but was waiting until the premium was due and to ascertain the amount of compensation which would be credited upon the premium in order to pay to the defendant the balance. On June 15, 1908, for the first time, plaintiff was informed of the amount of compensation he was entitled to, and then was informed that under the apportionment made pursuant to the terms of said contract on the preceding 1st day of January, 1908, plaintiff was credited with the sum of $132, and plaintiff thereupon immediately offered to pay the remaining $50 due for

the ensuing year's insurance, but the defendant noti-
fied the plaintiff that his time for the payment of such
premium was from the 1st day of May, 1908, and dur-
ing thirty days thereafter, and said premium, not hav-
ing been paid within said time, the company had
lapsed and forfeited his policy. Plaintiff immediately
demanded that he be permitted to pay the remainder
of the premium for the ensuing year, and tendered
and offered to pay in legal tender the balance of the
premium due with legal interest from the 1st day of
May, 1908, which sum the defendant declined and re-
fused to accept, and declared the policy void, notwith-
standing it then withheld in its possession $132 due
to plaintiff as compensation or dividend from said
membership in the department of information and in-
spection, and more than sufficient to pay a semi-an-
nual premium in advance on such policy, and though
it had applied upon said premium the sum so appor-
tioned to him from the 1st day of January, 1908, dis-
tribution. And under said policy the defendant is
withholding to be applied on the premiums, or paid
to plaintiff at ten years from the date of said policy,
plaintiff's distributive share of the surplus of the
company, the exact amount of which distributive
share belonging to plaintiff is unknown to plaintiff,
but amounts to more than $182.

"Plaintiff says that under said contract of insur-
ance and contract of membership in the department
of information and inspection he has valuable rights
which he cannot secure from any other company, and
he is entitled to have his life insured for the benefit
of his coplaintiff, Laura G. Boyle, in the sum of $10,-
000, on payment of the difference between the amount
due plaintiff from said membership in the department
of information and inspection, and the amount of said

annual premium. Plaintiff has heretofore made all payments, and performed services as were required of him, pursuant to said contract, and defendant is threatening to, and claims to have forfeited said contract, and, unless this court by its mandatory injunction orders and directs the said defendant to reinstate said policy on this defendant's life, pursuant to the terms of said contract, and to accept from this plaintiff the amount of balance of the premiums beginning May 1, 1908, and interest on such difference, and to issue this plaintiff said defendant's usual and valid renewal receipt, plaintiff is wholly remediless. Plaintiff says that he has no adequate remedy at law, and, if the injunction herein prayed for be not granted, he will be irreparably injured. The injunction now herein sought has not heretofore been asked or refused by any court or officer.

"Plaintiff now tenders to defendant, and pays into court, subject to the final orders of the court, the sum of $50.50, which he is informed and charges is the balance due for the year beginning May 1, 1908, as the unpaid portion of the premium upon said policy herein sued on. Wherefore the plaintiff prays the court for a temporary mandatory injunction, and on final hearing for a mandatory injunction commanding and enjoining upon defendant that it reinstate the plaintiff's life insurance policy, bearing said company's number 940, for the amount of $10,000 under and pursuant to the terms hereof, and that it receive from this plaintiff the balance of the premiums due May 1, 1908, with interest, and issue to this plaintiff a valid renewal receipt for such premium, and plaintiff further prays for his costs herein expended, and for all general and equitable relief."

The answer is as follows:

"Defendant, Citizens' Life Insurance Company, for answer herein says that as to the terms of the policy contract filed with the petition as Exhibit No. 1, and the certificate of membership in the department of information and inspection, filed with the petition as Exhibit No. 2, defendant refers to said writings to speak for themselves as to their terms. Defendant denies that the agreement whereby plaintiff became a member of the department of information and inspection was a part of the contract of insurance. Defendant denies that plaintiff did not know, and denies that he had no means of knowing, at the time his premium matured on May 1, 1908, what sum the compensation apportioned to him as a member of the department of information and inspection amounted to.

"It admits that it does generally give notice to policy holders of the time when premiums are payable and of the amount of compensation apportioned to them, and does sometimes send representatives to call in person and collect the premium, but it says that such notices and such calls are solely matters of grace and are not required by the contract between plaintiff and defendant, and on each notice of the maturity of premium, which plaintiff received from defendant and to which he refers in his petition, there was distinctly printed in red ink the following warning, to wit: 'This notice is given as a mere act of grace, by way of reminder, and omission hereafter at any time to give notice of a premium will not excuse failure to pay same at maturity.' And if plaintiff relied upon the receipt of such notice, and did not receive it, prior to May 1, 1908, it was his own fault, committed in the face of a plain warning.

"Defendant denies that it did willfully or intentionally, or at all, fail to give any notice of the time when the premium of plaintiff was due and payable, to wit, the premium which matured May 1, 1908, or that it failed to give notice of the amount of compensation apportioned to plaintiff the preceding January 1st, under his contract as a member of the department of information and inspection, and denies that he had no means of knowing what amount of premium it was necessary for him to pay to keep said policy in force. On the contrary, defendant alleges that it did, about 30 days prior to May 1, 1908, give plaintiff notice in writing of the date when his premium would mature, to wit, May 1, 1908, and of the amount thereof and of the amount due to him as compensation under said contract as a member of the department of information and inspection. It has no knowledge or information sufficient to form a belief as to whether or not plaintiff was at all times ready, willing, and able to pay said premium, but he did not pay it, nor tender payment of it. Furthermore, as stated in plaintiff's own petition, his place of business is only a few yards from defendant's home office in Louisville, Ky., and, if he had desired to know the amount due him as compensation under said contract as a member of the department of information and inspection, so as to apply that as a credit upon the amount due from him as a premium, which amount and the maturity thereof he knew from his policy, he could easily have applied at the said home office of defendant and obtained said information within 10 minutes after leaving his own office.

"Defendant denies that plaintiff was informed for the first time on June 15, 1908, of the amount of compensation he was entitled to, or the amount appor-

tioned to him pursuant to the terms of his contract on the preceding January 1st. It denies that it has applied the amount apportioned to plaintiff under said contract relating to the department of information and inspection to the payment of a semi-annual premium on plaintiff's policy, and says it was never authorized or directed by plaintiff to make any such application, nor ever notified by plaintiff that he desired to pay a semi-annual premium on said policy. On the contrary, after the lapse of said policy and on the occasions of the conversation and the tender referred to in plaintiff's petition, he insisted upon paying defendant what would have amounted to the difference between the full annual premium, which should have been paid on May 1, 1908, and the amount apportioned to him under said contract with reference to the department of information and inspection, and never at any time offered to pay a semi-annual premium, nor gave any direction, nor expressed any desire, to have said sum apportioned to him as aforesaid applied to the payment of a semi-annual premium, nor did he make inquiry or any offer or give any direction of any kind until more than 30 days after May, 1, 1908, at the expiration of which time his policy lapsed for failure to pay said premium in accordance with the terms of said policy, which is filed as an exhibit with plaintiff's petition.

"Defendant denies that it is withholding to be applied on premiums, or to be paid by plaintiff at the end of ten years, or any time, from the date of said policy any distributive share of the surplus of the company, and denies that any such distributive share amounts to $182 or more, or that any distribution or dividend of the company's surplus has ever been

Citizens' Life Ins. Co. v. Boyle & Wife.

made or declared in which the policy of plaintiff or the class of policies to which it belongs participated.

"Wherefore defendant prays that plaintiffs' petition be dismissed, and for its costs herein expended."

The sole question involved is whether or not the answer, considered in connection with the allegations of the petition, presents a defense. Upon this question the position of appellant is as follows: "When a party takes a policy of insurance on his life and pays the first premium, he is then under no obligation whatever to make any further payment to the company at any time. When the time has expired which was covered by his first premium payment, he may then elect to make an additional payment for an additional time in future or to let his policy drop. No matter how much the company may desire to retain him as a policy holder and to receive his premiums at stated times, it has absolutely no right to insist upon such subsequent payments. The assured has the absolute right either to pay or not to pay, as he may choose, whether with reason or without reason. He simply has the absolute right of determination whether he will pay or not pay."

While the principle above contended for may be abstractly correct, we conclude that it has no application to the facts of this case. It is admitted that about three months prior to the forfeiture complained of appellant solicited the insured to change the form of his policy. This the insured declined to do, and expressly declared his intention of keeping the policy in force. While the answer, without denying the allegations of the petition with reference to notice, does say that written notice of the amount due appellee, as compensation for his services and the

balance due on his premium, was given him, it ad-
mits that it was the custom of appellant to give an
additional notice during the days of grace, and also
to send a representative of the company to the in-
sured for the purpose of giving further notice. Dur-
ing the years 1906 and 1907 appellee paid his pre-
miums on the policy in question, less the amount due
him as compensation. Under the contract, appellee
had the right to pay his premiums in advance, in
annual, seni-annual, or quarterly installments. It is
likewise admitted that his compensation contract was
to remain in force only during the continuance of the
policy. When appellant announced to appellee that
the policy had been forfeited, he immediately ten-
dered to appellant the sum of $50 with interest, being
the balance due on the annual premium. The divi-
dends on the policy were not payable until the expira-
tion of ten years. They therefore form no material
part in the determination of this question. The only
light they throw upon the case is to show that appel-
lee had a valuable policy. It is also admitted that the
amount of the compensation is payable on the anni-
versary of the date of the compensation agreement.
This is the same date that the premium on the policy
is due. The whole purpose of the service contract
was to enable appellee to get credit for the amount
due him on the premium due on the policy. He was
not required to, and did not, pay anything but the dif-
ference between the amount of the premium and the
amount of his compensation. While it is true that
appellee charged in his petition that "notwithstand-
ing it (appellant) then withheld in its possession $132
due to plaintiff as compensation or dividends from
said membership in the department of information
and inspection, and more than sufficient to pay a semi-

annual premium in advance on such policy, and though it had applied upon said premium the sum so apportioned to him from the 1st day of January, 1908, distribution,'' and appellant in its answer denied that it had applied the compensation upon the semi-annual premium, and therefore claims that it did not admit that the compensation had been applied on annual payments, we conclude after a careful reading of the whole petition, which we may take into consideration in determining the meaning of the pleader, that appellee intended to, and did, allege that the compensation had been applied upon the annual premium. We, therefore, conclude that appellant's denial was not sufficient, and that it must be taken as confessed that the compensation to appellee was as a matter of fact credited upon the annual premiums due.

Inasmuch as forfeitures are not favored, we are of the opinion that the forfeiture of the policy in question should not be upheld in this instance. Where it has been the uniform custom of an insurance company to apply compensation due the insured to the reduction of the premium on his policy and the insured has notified the company that he did not desire to change the form of his policy, but intended to, and would, keep it in force, although such notice was given three months before the time the premium was due, and the company then failed to give the insured the usual and customary notice of the time when his premium was due and the amount thereof, and the company has in its hands as compensation due to the insured, and which it has theretofore credited on his premium, more than enough to pay either a quarterly or semi-annual premium, and almost enough to pay the premium for the whole year, a forfeiture should

not be upheld.  While the company may not be required to accept less than the full amount of the premium due, yet, where it applies money in its hands to the part payment of the premium, it should not be permitted to declare a forfeiture so long as the amount so applied is sufficient to keep the policy in force.  Having applied the compensation in the manner referred to and under the circumstances of this case, no court would hold that appellee would be entitled to recover of appellant the sum so credited. Even if it be conceded that the pleadings are not sufficient to show that the $132 was actually applied on the premium due, yet we conclude that, in view of the fact that appellee had notified the company that he desired to keep the policy in force, it was the duty of the company—and, indeed, such was contemplated by the parties—to so apply the compensation.  As appellant had the money in its hands, and it was its duty to credit that money on the premium due, appellant will not be permitted to forfeit the policy because of its failure to do that which ought to have been done. While it may be true that, in the absence of any custom or direction or notice by the insured, the insurance company is under no obligation to credit upon the premium any funds which it may have in its hands belonging to the insured, yet where the circumstances are sufficient to show that the insured desired to continue his policy, and that the compensation should be so applied, the company will not be heard to say that it did not so apply it, but elected to forfeit the policy.

Judgment affirmed.