## National Council Junior Order United American Mechanics of the United States of America v. Thomas, et al.

(Decided March 5, 1915.)

## Appeal from Montgomery Circuit Court.

1. Judgment—When Will Not Be Reversed for Defective Pleadings.— A judgment will not be reversed because of defective pleadings, where the defects are cured by the pleadings of the adversary party, and the verdict and judgment have been rendered upon substantial issues of fact fairly and definitely made by the pleadings.

2. Pleading—Defect in—Cured by Verdict.—A defect in a pleading is cured by the verdict, where the issue joined necessarily required proof of the facts omitted to be alleged in the pleading, and the instructions necessarily required a finding of the jury in accordance with what was omitted or defectively plead.

3. Insurance—Fraternal Insurance—Beneficiary—Relief — Waiver. — Where the charter or by-laws of a fraternal society provide that a member or beneficiary must appeal to the judicial tribunals of the society for relief, about any matter arising out of a claim against the society, and the society denies any and all liability upon the claim, it is a waiver of the right of the society to have it submitted to the judicial tribunals of the society, and the aggrieved party may at once apply to the courts.

4. Insurance—Failure to Pay Premium—Waiver.—Where one holds a policy of insurance, and the contract provides that upon the failure to pay a premium, when due, the policy lapses and becomes forfeited, and after a premium becomes past due, the insurer demands payment of the premium, it thereby elects to treat the policy as a subsisting obligation, and waives the forfeiture.

5. Insurance—Forfeiture—Waiver.—Where a member of a fraternal order holds a certificate of life insurance in the order, and the certificate or by-laws, or charter of the order, provides, that upon the non-payment of the dues owing by said member, when due, that the certificate becomes void, and the rights of the member thereunder, and the order does not elect to treat the certificate as void, but demands payment of the arrears, the order elects to treat it as a subsisting obligation, and waives the forfeiture, and if it then accepts payment of the arrears, without demanding that the payment be accompanied by a certificate of good health, when the by-laws so require it, it waives the certificate of good health, also.

6. Insurance—Fraternal Insurance—Non-Payment of Dues—Suspension.—Where one is a member of a beneficiary society, the by-laws of which provide for the payment of sick benefits, and also the suspension or expulsion of members for non-payment of dues

the society can not suspend a member for non-payment of dues, when it owes the member for sick benefits in excess of his dues.

7. Insurance—Fraternal Insurance—Sick Benefits.—It is the duty of a beneficiary society collecting dues from its members and paying sick benefits, to apply the sick benefits to the payment of the dues of a sick member, if necessary, and thus save him from suspension or expulsion, and his contract with the society from forfeiture.

SHELBY, NORTHCUTT & SHELBY and LEWIS APPERSON. for appellant.

ROBERT H. WINN, C. D. GRUBBS and C. H. THOMAS for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, National Council Junior Order United American Mechanics of the United States of America, is a fraternal secret organization, incorporated under the laws of the State of Pennsylvania, and by its charter, and by-laws and scheme of government, is controlled by a national council, which is its supreme head, and which is authorized to institute a council in each state, with authority to organize and institute subordinate councils throughout the states and territories. The appellant has a life insurance and funeral benefit department, which is under the control, subject to the national council, of a board of control, the chief officer of which, other than the president, is the secretary-manager. The national council has supreme authority over the state councils and the subordinate councils, and the members of them. It seems to have been incorporated in the year 1901. After that time a subordinate council of the appellant order was organized at Science Ridge, in Montgomery County, Kentucky. Dr. S. H. Thomas was a member of the subordinate council at Science Ridge, and afterwards became a member of another subordinate council of the order instituted at Mt. Sterling, Kentucky, and which is called the Montgomery Council. While a member of the Science Ridge Council, the appellant issued and delivered to him what is called a funeral benefit certificate. By the terms of this certificate or policy of insurance the appellant undertook to pay to the legal dependents of S. H. Thomas, at his death, the sum of $250.00, "upon the condition that the said S. H. Thomas is now and shall be at the time of his death, a beneficiary member in good

standing of a subordinate council of said order, if there be any such having jurisdiction over the place of his residence, and affiliating with the national council of said order; and also a member in good standing of the funeral benefit department of the said national council, in accordance with the laws of said national council now in force, or hereafter adopted prior to said death."

According to the plan and by-laws of the order, a funeral benefit certificate was issued to every member of a subordinate council, upon the application of the subordinate council, who has certain prescribed qualifications, and the member may pay to his subordinate council the monthly dues required of him by the order, and in so doing the dues which were necessary to be paid upon his funeral benefit certificate were thus paid, the officers of the subordinate council paying a certain percentum of these dues to the board of control of the funeral benefit department of the order, and from the evidence, it appears that if a member became sick, he was entitled to be paid certain weekly allowances as a sick benefit, and if he became in arrears in the payment of his dues to the local council, his dues were deducted from the sick benefits to which he was entitled. It should be stated that by the by-laws of the national council, the local council was authorized to adopt rules for the payment of sick benefits.

While a member of the Science Ridge Council, the appellant issued and delivered to S. H. Thomas what is called a beneficiary degree certificate, by the terms of which the appellant agreed to pay to Ida Thomas, the wife of S. H. Thomas, in the event of his death, the sum of $1,000.00. The following provisions and conditions, among other things, are stated in the beneficiary degree certificate, namely: "Upon the express condition that said applicant fully and completely complied in all respects with all the conditions herein contained, and with all the laws, rules, and regulations now governing the Junior Order United American Mechanics, or that may hereafter be enacted for its government, or the government or control of the members thereof. * * * Provided that said member is in good standing in said council, and in the beneficiary degree at the time of death. * * * And it is expressly understood and agreed, that any violations of the conditions of this certificate, or the requirements or laws, rules or regu-

lations governing the Junior Order United American Mechanics, or the members thereof (now or hereafter in force), shall render this certificate and all claims thereunder absolutely null and void, and the said national council shall not be liable thereunder in any manner whatsoever.'' The assessment to be paid, by the national laws of the appellant, in order to maintain this certificate, was the sum of ninety-five cents per month, and payable on the first day of the month, but no suspension of the certificate occurred if it was paid before the last day of the month. If one holding a certificate of this character failed to pay a monthly assessment before the last day of the month, he might reinstate the certificate by paying the arrears within thirty days, if in good health. If one failed to pay the arrears within thirty days, he could reinstate the certificate by paying all of the arrears to the financial secretary of his council, accompanied by a certificate of the local medical examiner, showing him to be in good health, which certificate was forwarded to the board of control for its approval. If he was ninety days in arrears, he could then be admitted to the beneficiary degree only as a new member.

When S. H. Thomas became a member of the Montgomery Council according to the rules of the appellant, his beneficiary certificate was taken up and cancelled, and one which bore the date of November 13, 1908, was issued and delivered to him, conditioned as stated in regard to the other one which was cancelled.

Ida Thomas, the beneficiary in the beneficiary degree certificate, died previous to her husband, S. H. Thomas, and he died on the 21st day of April, 1910, leaving as his heirs at law, and the only heirs at law of Ida Thomas, the plaintiffs, Josephine Thomas and Katherine Thomas, two children of tender years. John R. Thomas qualified as their guardian. Thereafter, Josephine Thomas and Katherine Thomas, by their guardian, instituted this suit in the Montgomery Circuit Court, seeking to recover of the appellant the amounts of the two above named certificates, alleging in substance their execution and delivery to S. H. Thomas, and the obligation of appellant to pay same, and that S. H. Thomas had fully paid all the dues and assessments required to be paid upon said certificates, up to the time of his death; and further, that the appellant failed and refused to pay any,

portion of either amounts, and denied any and all liability whatsoever under both contracts, although the legal dependency of the plaintiffs, and their relationship to S. H. Thomas, and Ida Thomas, and proof of the death of S. H. Thomas, under said certificates, had been fully made and disclosed to the appellant. The petition did not allege that S. H. Thomas was in good standing in his local council, or in the beneficiary degree, or in the funeral benefit department of the appellant at the time of his death, and did not negative any of the conditions contained in the policies which would be a defense to a recovery upon them. The appellant demurred generally to the petition, which demurrer was overruled, and to which it took exceptions. Thereafter appellant filed an answer and amended answer, in which it specifically plead as a defense, that S. H. Thomas was not at the time of his death a member in good standing in his local council, nor in the funeral benefit, nor in the beneficiary degree departments of the order, for the reason, that previous to his death he had been suspended by his local council for a period of twelve months, and had not been reinstated at the time of his death; and further, that the assessments required to be paid by him, by the laws of the order, upon his certificate in the beneficiary degree, had not been paid for the months of January, February, March, and April, previous to his death, except ten cents paid for the month of January, and that the dues necessary under the laws of the order to be paid by reason of his funeral benefit certificate, had not been paid for the same months; and further, by another paragraph, it plead as a defense, that by the laws of the order, that all claims against the beneficiary degree, arising from the death of a member, if the proof of same has been acted upon by the chief medical examiner, shall then be passed upon by the secretary-manager, and then approved by the president of the board, and in the event it is not approved by the chief medical examiner, or the president of the board, the secretary-manager shall notify the claimant, and the claimant shall, within thirty days thereafter, present the matter by appeal to the national judiciary of the order for final action, and in case such an appeal is not taken, the failure shall constitute a waiver of all rights thereunder, and that the proofs of the loss and death of S. H. Thomas were not

approved by its chief medical examiner, nor by the president of the board of control, and that the plaintiffs were duly notified of said fact, and failed to take the appeal provided for in the national law of the order. To this paragraph of the amended answer, the plaintiffs demurred, and the demurrer was sustained, to which it excepted. The parties continued their pleadings to a surrebutter, making the pleadings, on account of amendments, and demurrers, and motions to strike out, very complicated, but making clear issues upon the questions, as to whether or not S. H. Thomas was in good standing in the order at the time of his death, and as to whether or not the dues and assessments, which he owed as a member of the order upon the beneficiary certificate and the funeral benefit certificate, had been paid, or waived previous to his death; and as to whether or not he had ever been suspended as a member of his local council and not reinstated, the appellees denying that the assessments to be paid upon the beneficiary degree certificate were not regularly paid, and pleading in addition thereto, that though they were not paid in full for the months of January, February, March, nor April, that on the 14th day of March the appellant demanded of decedent the payment of the assessments due for the months of January, February, and March, and thereby waived any suspension which might have occurred to his certificate by reason of the non-payment of the dues for said months, and treated the certificate as a subsisting obligation upon its part, to Thomas, and thereafter, on the 16th day of April, the assessments for the months of January, February, and March, and twenty-five cents for the month of April, were paid, and that appellant accepted said payments, without requiring the production of any certificate of his good health, and before the end of the month of April, the remaining sum due for that month, was paid to appellant, and accepted, and that by reason of same appellant had waived the forfeiture of the certificates and was estopped now to deny the validity and binding obligation of the certificate on that account. Appellee further plead, that the appellant owed sick benefits to the amount of $15.00 to S. H. Thomas, commencing on the 28th day of December, 1909, and continuing through to the first or second weeks of February, and on that account his dues were paid at the time they were due, and that appellant had no right to

insist upon a suspension of the certificates for the non-payment of dues, when it had in its hands, money which was due S. H. Thomas, and which it should and did apply to the payment of his dues and assessments.

These allegations were all denied by the appellant, which plead that the payment of the assessments alleged by appellee to have been made on the 16th day of April, were not received by the appellant until the 21st day of April, and after S. H. Thomas was dead; that they were received by it without knowledge of his death, and as quickly as it had knowledge of his death, it returned the money by which the assessments were attempted to be paid.

A trial by jury was had, which resulted in a verdict and judgment for appellees, for the total amount claimed by reason of both certificates, and the appellant's motion and grounds for a new trial being overruled, it took proper exceptions, and now appeals to this court.

The appellant, by counsel, insists most earnestly that the trial court erred in overruling its demurrer to the petition. The contention is that the deceased being in good standing in his council, and in the departments of the order, in which the certificates were held, was a condition precedent to appellee's right of recovery, while the appellees insist that the issual of the certificates to him was conclusive evidence of his good standing at the time, and that such good standing will be presumed to continue until there is proof that it no longer exists, and that same was a matter of defense merely, and that it was not incumbent upon appellees either to affirmatively allege it, or to take the burden of proof upon that issue. In our view, it is now immaterial. The appellant very fully and affirmatively plead that the decedent was not in good standing at the time of his death, and the issue was sharply made and defined. Section 134 of the Civil Code, in part provides: "The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed, or affected by reason of such error or defect." The defective allegations of a pleading by one party may be supplied and cured by the pleadings of his adversary. Riggs v. Maltby, 2 Met., 88; C. & O. Ry. Co. v. Thieman, 96 Ky., 507. If it was error in the trial court to overrule the demurrer, it does not appear that appellant was

prejudiced in any of its substantial rights. Each party offered all the evidence upon this issue it desired, and the court by its instructions, precluded the appellees from any recovery, unless the jury believed from the evidence that decedent was at the time of his death in good standing in his council. This was a substantial issue of fact fairly presented by the pleadings.

The appellant further insists that the court was in error in overruling its motion to instruct the jury to find a verdict for it, at the conclusion of the evidence. The appellant, in its answer, affirmatively plead, and it was not denied, that by a by-law of the order, adopted by the national council, that a member of the order "shall be in good standing, if he be not in arrears, under suspension, or has not renounced the order," and further: "As a member shall stand in his council, so shall be stand throughout the order." There was no contention that the decedent was not in good standing, except in the contention that he had been suspended by action of his local council in March before his death and never reinstated, and that he had failed to pay his dues, as above stated. The proof showed that appellant had fully paid all his dues to his local council, and to the beneficiary degree, until the month of January, 1910, and had paid ten cents of the assessment for the beneficiary degree for that month. He became sick and confined to his bed on the 28th day of December, 1909, and so remained until about the 1st of February, 1910. He made no further payments of any of his dues, but in March, following, he received a letter from the secretary-manager of the beneficiary degree, and the funeral benefit department, saying to him, that his assessment for the month of February, and balance due for January, had not reached his office, and referring him to Section 35, of the laws, and stating that unless the assessment was received by the office of the appellant at Pittsburg, Pa., by the 10th of the month, the member stood suspended until same is received, and adding: "Please give this matter your immediate attention." On the 16th day of April, following, C. F. Thomas, a brother of the decedent, on decedent's behalf, sent to the secretary-manager his check for $3.00, enclosing it with a letter, in which he directed the check to be applied to the payment of the assessments due upon the certificate in the beneficiary degree held by decedent, and stating that the reason the dues had not

been regularly paid, was on account of a controversy between decedent and the local council, in which an attempt had been made to suspend him, and expressing the hope that the enclosed might be satisfactory, and that decedent would be kept in good standing with the insurance department as long, at least, as decedent was a member of the local council. This letter was mailed on the 18th day of April, and according to the proof, in due course of the transmission of the mails, would have reached Pittsburg on the next day, the 19th. The secretary-manager testified that it did not reach his office until the 21st. Thomas died about three o'clock a. m. on the 21st. Credit was duly given decedent by the amount of the check. C. F. Thomas received a letter from the secretary-manager, dated April 23rd, in which he acknowledged receipt of the check, and said that the $3.00 paid the assessments of Dr. S. H. Thomas for the balance of January, eighty-five cents; February, ninety-five cents; March, ninety-five cents, and a credit of twenty-five cents on the assessment for April, and expressed a wish that decedent's affairs with the council would soon be straightened out. Enclosed in the letter was a receipt for the $3.00, and stating that it was for the assessments for January, February, March, and twenty-five cents for April, and dated April 21st, 1910. The receipt was signed by Beneficiary Degree, Jr. O. U. A. M., Stephens Collins, Secretary-Manager, by A. J. A. J. was a clerk in the office. On April 27th, C. F. Thomas sent seventy cents to the secretary-manager, in payment of the balance of the assessment due from S. H. Thomas for April, and at the same time informed him that S. H. Thomas had died on the 21st and requested information as to how to proceed to collect the amount of the certificate. On May 27th, 1910, the secretary-manager sent by registered letter the $3.70, which C. F. Thomas had sent him, to C. F. Thomas, and wrote that S. H. Thomas, being in poor health at the time the money was paid, and not having accompanied the payments with a certificate of health, could not be reinstated. This letter C. F. Thomas refused to receive, and the letter was returned to the writer.

The above was all the evidence offered by either side upon the issue as to whether or not the decedent was in good standing at the time of his death, on account of his failure to pay the assessments against him in the bene-

ficiary degree of the order. The proof shows that the dues payable to the local council from a member was ten cents, or twelve and one-half cents per month, and the custom that prevailed in the local council, was when a member was sick, to keep him in good standing in the funeral benefit department by deducting his monthly dues from the sick benefits due him, and the financial secretary remitted the assessments due from the members on account of the funeral benefit certificate to the secretary-manager at Pittsburg before the 10th day of each month. A resolution of the council shows that they owed the decedent $15.00, during the months for which it is alleged that he was in arrears on account of his dues to the local council. The secretary-manager at Pittsburgh, who could know very well whether the dues from the members of the Montgomery Council had all been paid, or had not been paid regularly, was a witness in the case, and he does not state that these dues were not regularly paid, neither does he make any claim that the decedent owed anything on account of his funeral benefit certificate.

It is not pretended that the decedent had ever renounced the order, and according to the by-laws of the order there is only one other way in which he could not have been in good standing at the time of his death, and that was from suspension by his local council. It is claimed in the pleadings that he was suspended by his local council on the 10th day of March for the period of twelve months. Upon that subject, the recording secretary of the local council was a witness upon the trial, with the book containing the proceedings of the council with him. He stated that the decedent was in good standing at the time of his death, and as evidence of it, read to the jury a resolution of the council, adopted after the death of the decedent, in which it referred to him as a member of the council, and highly commended him as a citizen and said that the council had lost an upright, true, and loyal brother. This evidence was objected to by the appellant, and the objection overruled. The objection is made, because it is an act of the council occurring after the death of the decedent. This objection is not well grounded, because it is a direct admission by the appellant as to the standing of the decedent in his local council.

A witness who seems to have renounced the order, about the time of the death of the decedent, is introduced by the appellant, who states that decedent was suspended by his council on the 11th day of March. This witness does not show that the action of the council was evidenced by any resolution upon the record books of the council, and further states, that thereafter it was determined by the council, that its action in suspending decedent was wrongful. If the action of the council in suspending the decedent was wrong and improperly done, it was invalid, and did not have the effect to suspend him as a member. As to whether or not the council rescinded its action before or after the death of the decedent, is immaterial, although there is evidence tending to show that it was done previous to the death of decedent.

Upon the issues made, we are of the opinion that there was sufficient evidence on the part of the plaintiffs to submit the case to the jury, and the motion of appellant for an instruction, directing the jury to find for it, was properly overruled.

The objection made to the instructions is, that they did not require the jury, in order to find for the plaintiffs, to believe that the decedent was a member in good standing in the funeral benefit department of the order, and in the beneficiary degree, and only required it to find that he was in good standing in Montgomery Council, No. 27, of the order. In both of the instructions given by the court to the jury, a concrete instruction is given in regard to the payment of the dues and assessments upon the funeral benefit certificate, and the certificate in the beneficiary degree. The by-law of the order, which was affirmatively plead by the appellant and not denied, that: "As a member shall stand in his council, so shall he stand throughout the order," eliminated the necessity of the court submitting to the jury the question as to decedent's good standing in any department of the order, and other than in his own local council.

The contention of appellant that the court was in error, on account of sustaining a demurrer to the third paragraph of its answer, is not well grounded, from the fact that the allegation in the petition in regard to the liability of the appellant was, that the appellant "then and thereupon denied any and all liability whatsoever

under said contracts, and refused to pay the sums sued for, or any part of them." It was no answer to this averment to plead that under the by-laws of the order, that the appellees must appeal to some higher authority, and not to resort to the courts. This suit is not an interference with the internal or social relations of an order, the kind the appellant is, but is an effort to enforce a property right against it. The appellant did not deny that it had denied all liability upon the certificates sued on, before the institution of the suit, and in that state of case, could not be heard to claim that the appellees ought to submit their claim to the judiciary of the order. Insurance Co. v. Clark, 109 Ky., 285; Insurance Co. v. Spires, 87 Ky., 285; Insurance Co. v. Monroe, 19 R., 206; Home Insurance Co. v. Kobb, et al., 113 Ky., 365; Wortham v. Illinois Life Insurance Co., 107 S. W., 279.

It has been held in many instances by this court and others, that when an assured person permitted his policy of insurance to lapse by reason of his failure to pay the premium dues upon it at the proper time and when due, that the insurer can treat it as forfeited, but, although having the right to treat it as forfeited, the insurer does not do so, but demands payment thereafter of the assured of the premiums it elects to treat the policy as a living valid obligation, and when he has elected to do so, he cannot thereafter change the election when it becomes to his interest to regard the policy as forfeited. New England Life Insurance Co. v. Springgate, 129 Ky., 627; Union Central Life Insurance Co. v. Duval, 20 R., 441; Central Life Insurance Co. v. Spinks, 119 Ky., 261; Walls v. Home Insurance Co., 114 Ky., 611.

"As a general rule, if the company has treated the policy as valid, and has sought to enforce payment of the premium, or has otherwise, with knowledge, recognized by its act or declarations, or those of its agents, the policy as still subsisting, it waives thereby prior forfeitures." 2 Joyce on Insurance, Section 1379.

There can be no doubt that in the case at bar, that the appellant was treating the certificate in the beneficiary degree held by Thomas, as a valid and subsisting obligation, when it requested him in March to look immediately after the matter and that if the assessments were not received by the 10th of the month, the certificate would stand suspended, could mean nothing else, except to pay the assessments due, and prevent a forfeiture, and

the fact that it thereafter accepted such assessments and applied them to the payment of the assessments due on the certificate, and although it is contended that the acceptance was after the death of the decedent, that fact does not change the fact that it had elected to treat the certificate as a valid and subsisting obligation upon its part.

In the case of New England Life Insurance Co. v. Springgate, *supra,* Springgate held a policy in the insurance company, and had executed notes for the premiums. The policy provided, that if any premiums or any premium note was not paid when due, that the policy and all payments made thereon should become forfeited and void, and the note contained a provision that, if it was not paid at maturity, the policy would, without notice, become forfeited and void. One of these notes became due and was not paid, and thereafter the agent of the insurance company wrote Springgate, stating to him that his note was past due, and that the matter must receive his immediate attention, or otherwise the policy would be cancelled, and requested him to remit the amount due. Springgate was dying when the letter was received, and thereafter his wife sent the money, and paid the note, but the insurance company having learned of his death, returned the money to her, and denied any liability upon the policy. This court held that the insurance company had elected to treat the policy as a subsisting obligation, and having elected to do so, it could not do otherwise, because it became to its interest to do so.

In the case of American Mutual Aid Society v. Quire, 8 K. L. R., 101, Quire failed to pay his dues for several months, and later the society sent him an assessment notice for the months of February and March; his failure to pay had commenced with October or November previous. This notice had printed upon it the statement, that if he failed to pay the assessment within thirty days after the notice had been sent to him, he would forfeit his membership and all benefits. Quire never did pay the assessments, but died, and the court held that the society was bound upon the policy, and in passing upon it said that the facts present a similar situation to this, as if the company should say to Quire: "You. are in arrears, and we can forfeit your rights as a member under the provisions quoted, but we choose not to

do so; and now conceding to you all rights as a member notwithstanding you are in arrear, we call on you to discharge the duty of a member by paying assessments made on members only, and made more than thirty days after you were in default." In the case at bar, the appellant had a right to treat the policy as forfeited, but it did not do so, but elected to treat it as a subsisting obligation, and demanded of Thomas that he pay the assessments, and accepted them without demanding any health certificate to accompany it, and it appears that if it had not learned of the fact of his death, it would have not concluded to treat it as forfeited at all. When appellant made the request of Thomas to pay the assessments, and thereafter accepted them, without demanding a certificate of good health from him, it waived that requirement. Mutual Benefit Association v. Jones, 84 Ky., 110; Brackett v. Modern Brotherhood, et al, 154 Ky., 340.

Where the charter or by-laws of an order, such as appellant, provides for the payment of sick benefits, and, also, provides for the suspension or expulsion of a member for non-payment of dues, a member is not subject to suspension for the non-payment of dues, where the benefits due him exceed the dues he owes, and it is the duty of the society to apply the benefits due the member to the payment of his dues, and thus pay them and prevent the forfeiture of his membership, and his contract as such. Rogers v. Union Benevolent Society, 111 Ky., 598; Citizens Life, et al v. Boyle, 139 Ky., 1; Niblack on Benefit Societies, Sec. 271.

The instructions of the court being in accordance with the doctrines above stated, the judgment is affirmed.