## U. B. F. & S. M. T. MUT. AID ASS'N et al. v. NALL.

No. 15886—Opinion Filed Feb. 2, 1926.

### Appeal and Error —Review—Sufficiency of Evidence—Law Action Tried to Court.

In a law action, where a jury is waived by the parties, a judgment of the trial court which is reasonably supported by the evidence will not be disturbed on proceedings in error to this court.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from Superior Court, Creek County; J. Harvey Smith, Judge.

Action by W. I. Nall to recover on a life insurance policy issued by U. B. F. & S. M. T. Mutual Aid Association on the life of Anna Nall. Judgment for plaintiff, and defendants bring error. Affirmed.

This is a suit brought in the court below by W. I. Nall, as plaintiff, against the U. B. F. & S. M. T. Mutual Aid Association, and P. M. DeLancey, as defendants, to recover on policy No. 5259. issued by said defendants to one Anna Nall on or about the 18th day of August, 1915, for $300, in which policy the defendant in error, W. I. Nall, was

named as beneficiary; the said Anna Nall, as the holder of said policy, died on, to wit, the 6th day of March, 1923; the defendant in error thereafter made due proof of her death and demanded payment of the sum fixed by the policy, namely, $300, which plaintiff in error refused for the reason that it claimed that Anna Nall was not in good standing with the order at the time of her death, because of her failure to pay her endowment premium, or dues, for the quarter beginning January 1, 1923, within the time provided by the laws of the order, namely, on or before January 15, 1923, or at any time before her death. Defendant in error brought suit in the superior court at Sapulpa, Creek county, Okla., and, upon waiver of jury and trial to the court, recovered judgment for the sum of $300. After unsuccessful motion for new trial, defendants have brought the case here by petition in error with case-made attached for review.

R. Emmett Stewart, for plaintiffs in error.

P. A. Chappelle and B. C. Franklin, for defendant in error.

Opinion by LOGSDON, C. This is a law action tried to the court after a jury had been waived by both parties. The only question necessary for determination is whether the judgment of the court is reasonably sustained by the evidence.

It appears by a stipulation between the parties preserved in the record, that Anna Nall had paid all dues and assessments and was in good standing in all branches of the order up to December 31, 1922. A witness, who was secretary of the local lodge during the year 1922, testified that Anna Nall was sick during the year 1922, and that sick benefits were voted to her by the lodge, and that there was an accumulation of several dollars to her credit in the sick benefit fund on December 31, 1922. Just what this amount of credit was is uncertain, but it was something less than $14. The material portion of article 9 of the laws of the order reads as follows:

"All monthly dues are due and payable at the first regular monthly meeting of the lodge or temple and shall be paid within 30 days therefrom, and each and every member thereof who fails, neglects or refuses to pay said monthly dues within said time, shall and does without notice stand suspended from all rights, privileges and benefits of his or her said lodge or temple and from all rights, privileges and benefits of the order, and thereby forfeits his or her endowment, burial benefits and all rights, privileges and benefits of any, every and all departments of the order."

Article 14 of the laws of the order reads:

"All money refused by the sick shall be appropriated to the children of the deceased."

It is apparent from the provision of article 14, that when the lodge has once appropriated sick benefits to a member, the weekly accumulations authorized by article 33 of the laws of the order belong absolutely to the member to whose credit they are appropriated and accumulated, and that if the same are not used by the member during her lifetime, they do not revert to the order, but become the property of the children of the deceased member. Anna Nall having been in good standing on December 31, 1922, she had until January 15, 1923, within which to pay her dues and assessments for the first quarter of that year, and by the provisions of article 9, above quoted, she was entitled to a further extension of 30 days from January 15th within which to make such payments. She became sick and confined to her bed about January 10th, and the evidence preserved in the record discloses that she notified the secretary of her local lodge not to pay her the sick benefits to which she was entitled, but to use the same to pay her dues and assessments and to keep her in good standing in the order and to keep her policy of insurance in force. The amount required by the laws of the order to keep her policy of insurance in force during the first quarter of 1923 was the sum of $1.25 and her dues to the local lodge were 50 cents a month. It is, therefore, evident that at the beginning of her illness on January 10th she was then in good standing in all departments of the order, because she could not be suspended for nonpayment of dues before the 15th, and if not paid on that date she had a further grace period of 30 days within which to make payment. Having at that time an accumulation in the sick benefit fund to her credit more than sufficient to pay her dues and assessments and to keep her policy in force, and such accumulation being her absolute property under the provisions of article 14, it was the duty of the local secretary when so requested by Anna Nall to apply a sufficient amount of such sick benefits to pay the monthly dues and assessments and the premium on the policy, and it was her duty to continue such payments monthly and quarterly until such credit in the sick benefit fund was exhausted. The record further discloses that when the husband of Anna Nall went to the secretary prior to January 15th, and made the request for his wife that her sick benefits be so applied, the secretary refused to do so upon the ground

that Anna Nall was then sick and in arrears. That the secretary was mistaken as to Anna Nall being in arrears and automatically suspended is evident from a mere reading of the above-quoted provisions of article 9. and that she had more than enough money belonging to her in the sick benefit fund, if applied according to her request, to keep her in good standing during the first quarter of 1923, is clearly disclosed by the evidence preserved in this record.

The trial court found and determined from the provisions of the laws of the order above quoted, and from the stipulation of the parties and the oral evidence, that the policy of insurance on the life of Anna Nall was in full force and effect at the time of her death on March 6, 1923. There is ample evidence preserved in the record to sustain this finding of the trial court, and under the uniform holdings of this court. the judgment of the trial court in a law action will not be disturbed where there is evidence reasonably tending to support the same.

For the reasons above stated. the judgment of the trial court in the instant case is in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879 § 2853; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 441; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81.