## GRAND LODGE KNIGHTS OF PYTHIAS OF OKLAHOMA v. AARON.

No. 18521. Opinion Filed March 4, 1930.

T. H. Davidson, E. T. Barbour, and Shirk, Danner & Phelps, for plaintiff in error.

S. E. Gidney and R. Emmett Stewart, for defendant in error.

REID, C. On the 30th day of April, 1926, the plaintiff filed her petition in the city court of Muskogee, and for cause of action alleged:

"That the defendant is a fraternal benefit

association duly incorporated within and under the laws of the state of Oklahoma, and as such is a domestic corporation doing a general lodge business within the state of Oklahoma, and as a part of the business of said lodges and order, conducts an endowment department under and by virtue of which it issues certain endowment policy contracts to its members.

"That the plaintiff was the wife of Alfred Aaron, who was in his lifetime a member of the defendant order, and to whom the said defendant order duly issued its endowment policy for and in the sum of $500, which policy was matured, due and payable to the plaintiff herein as the beneficiary named in said policy; that the defendant has possession of said policy and copy thereof cannot be attached hereto, set out, and made a part hereof by the plaintiff.

"That the said Alfred Aaron died on or about March 23, 1925, and while a member of said order and thereafter proof of death was duly made by plaintiff to defendant as required by law and said policy of insurance as held and carried by the said Alfred Aaron as a member of said order at the time of his death was duly surrendered to the defendant as required by the defendant order, and demand for payment of said policy made by plaintiff upon defendant."

And she further alleged that the defendant had refused to pay the amount so due under the said policy, and she prayed judgment therefor with interest.

A demurrer by the defendant to this petition was overruled, and on June 5, 1926, judgment was rendered in the city court in the amount sued for, and the defendant appealed to the district court. On December 16, 1926, defendant filed its answer which contained a general denial; admitted that Alfred Aaron, the insured, was at one time a member of Excelsior Lodge No. 52 at Muskogee, Okla., but alleged that he was "unfinancial" at the date of his death in that he had not paid his dues for the quarter beginning January 1, 1925, as provided by the constitution and by-laws of the order, and that by reason of this fact the policy was not in force when he died.

The case came on for trial on January 24, 1927, at which time the plaintiff over the objection of defendant was permitted to file reply to the answer. The reply was a denial of all new matter in defendant's answer.

Five special interrogatories were submitted to the jury. Each of them was answered for the plaintiff, and a general verdict was also returned for her. The defendant appealed from the judgment.

In answering the first three interroga-

tories, the jury found: (1) That the insured was more than 60 years old on January 1, 1925; (2) that he had never been "unfinancial," or delinquent, in the payment of his dues, assessments, and burial tax before said date; and (3) that he had been a member of the defendant lodge for at least 15 years before January 1, 1925.

Section 1, art. 19, of the constitution and by-laws of the defendant lodge provided:

"That any member of Knights of Pythias who shall have been a member of said order for a period of 20 years, and who has not within such time suffered himself to become unfinancial, or any member or members who have reached the age of 60 years and have been a member of the order for 15 consecutive years, during which time he or they have not suffered themselves to become unfinancial, shall be exempt from the payment of dues."

There is evidence in the case showing, and without objection thereto by the defendant, that the insured came to Muskogee from the state of Alabama in the year 1906; that he was a member of this lodge in Alabama prior to his removal, and that he transferred his membership to the Muskogee lodge in 1908; and that during the entire time of such membership he had never been delinquent in the payment of his dues. His wife testified that they had been married nearly 34 years when he died; that he was quite old and had been a slave. He did not know his exact age, but said he was 67 years old before he went insane; that it was her opinion from things he told her that he was 72 years old when he died.

It will be seen from the foregoing testimony that the insured had been a member of this order for more than 15 years prior to January 1, 1925, and during such time had never permitted himself to become "unfinancial." He was, therefore, under the constitution and by-laws of the association, exempt from the payment of dues for the quarter during which he died. For this reason alone, the verdict and judgment is sustained by the evidence.

The pleadings in this case present the single issue as to whether the insured was delinquent in any particular, or with any department of the society at the time he died. Any evidence upon this issue became material and admissible.

The evidence shows, as we have said, that the insured had been a member of this lodge since 1906, and had never been delinquent in the payment of his dues or any assess-

ments made by his lodge against him. Three or four years prior to his death he became sick and was thereafter unable to work. In the early part of 1924, he was declared insane by the proper authorities in Muskogee county and sent to the asylum at Norman, where he died. During his illness, his wife, this beneficiary and plaintiff, had been paying his obligations to the lodge, and about the time he was sent to Norman, she gave one of the officers of the lodge the amount of money necessary to pay his dues. When this was presented to the lodge by the officer, by a vote of the lodge, the insured was declared entitled to sick benefits, and it was ordered that the amounts accruing to him on this account be applied to the dues he owed as a member of the lodge. The plaintiff was advised of this action by the lodge and relied on it. The sick benefits he was entitled to receive were more than sufficient in amount to pay all these items, including the endowment fund out of which the policy was paid. The benefits were so applied throughout 1924, but the officers of the local lodge, in remitting to the grand lodge for the endowment department for the quarter beginning January 1, 1925, for the first time failed to include the amount due by the insured, thus creating the condition which the defendant claims amounted to a forfeiture of the policy.

In determining whether there was a forfeiture, we must bear in mind the well-established rule that such forfeitures are not favored.

In 45 C. J. p. 111, we find the rule here applicable stated in this language:

"A member to whom sick benefits are due is entitled to have them applied to the payment of dues and fines in order to prevent a default, provided such benefits have been voted on and allowed in accordance with the rules of the society"

—and cited several cases supporting the text; one of them being the case of National Council Junior Order A. M. v. Thomas (Ky.) 173 S. W. 813, where it was said:

"Where the charter or by-laws of an order such as appellant provides for the payment of sick benefits, and also provides for the suspension or expulsion of a member for nonpayment of dues, a member is not subject to suspension for the nonpayment of dues where the benefits due him exceed the dues he owes, and it is the duty of the society to apply the benefits due the member to the payment of his dues, and thus pay them and prevent the forfeiture of his membership, and his contract as such

Rogers v. Union Benevolent Society, 111 Ky. 598, 64 S. W. 444, 23 Ky. L. Rep. 928, 55 L. R. A. 605; Citizens' Life v. Boyle, 139 Ky. 1, 129 S. W. 303; Neblack on Benefit Societies, sec. 271."

The case of Knights of Pythias of North America v. Sanders (Ark.) 295 S. W. 25, strongly supports the foregoing rule.

Under the facts in this case, in effect, the local lodge was in possession of funds belonging to the insured on January 1, 1925, in sufficient amount to pay his grand lodge endowment dues.

In 45 C. J. p. 109, we find this language:

"The local lodge of a beneficial society, or the officers of such lodges to whom payment of dues and assessments are required to be made, are generally regarded as the agents of the central body as respects the collection and remission of such dues and assessments, notwithstanding a provision of the by-laws or contract of insurance declaring that local lodges or their officers shall be the agents of the members. Hence, payment to the local lodge of which insured is a member, or to the collecting officer thereof, is sufficient to avoid a forfeiture, although the money is not remitted to the central body, or does not reach such body within the time required."

And we seem to have followed the foregoing doctrine in these cases: Knights of the Maccabees of the World v. Johnson, 79 Okla. 77, 185 Pac. 82; Grand Lodge of U. B. of F. & S. M. T. v. Carroll, 73 Okla. 49, 174 Pac. 767.

The facts in this case are very similar to the case of U. B. of F. & S. M. T. Mutual Aid Ass'n v. Nall, 116 Okla. 163, 243 Pac. 738, wherein this court held that the policy was not forfeited for nonpayment of assessments. That authority alone is sufficient for this case. And the law as announced by this court in the former case of Grand Lodge of United Brothers of Friendship v. Carroll, 73 Okla. 49, 174 Pac. 767, also suggests the affirmance of this case.

Technical defenses against these actions are not regarded with favor by the courts. Sovereign Camp W. O. W. v. Pettigrew, 98 Okla. 138, 224 Pac. 545.

There was no material error committed by the trial court in admitting evidence; and the instructions were proper under the evidence. The case should be, and is, affirmed.

TEEHEE, EAGLETON, LEACH, and FOSTER, Commissioners, concur.

BENNETT, Commissioner, not participating.

By the Court: It is so ordered.